JOHN DE BEERSKI, APPELLANT, v. GEORGE S. PAIGE, RESPONDENT.

*Statute of Frauds—Contract, void in part, void how far.*

If a part of an entire contract be void, under the Statute of Frauds, the whole contract is necessarily void. Every part of a contract dependent upon a void part thereof for the terms or condition of its performance, is void.

*C. F. Tabor* for Appellant.
*J. A. Millard* for Respondent.

DAVIES, CH.J.—On the 4th of November, 1865, the Defendant executed and delivered to the Plaintiff an instrument in writing, in these words:

"TROY, March 4, '65.

"In consideration of the sum of one dollar to me paid, I hereby agree to meet Count John De Beerski on or about the 20th of April, at his residence, Nanuet, New York, there to examine his property, consisting of twenty-six acres of land, buildings, stock, &c., &c., and, if satisfied with its location and advantages, will purchase the same, at a price not less than five thousand ($5,000) dollars, payable either fifteen hundred ($1,500) dollars down, and balance in equal annual instalments, on interest, all payable within four years; or five thousand dollars cash, being optional with the purchaser. In case a purchase is not effected, I agree to pay to the said Count John De Beerski two thousand dollars for pictures of my two children, my wife, and myself, the size and style to be left to the taste and choice of the Count, frames not included in the above, to be paid for on completion of each, or during the production of each, in cash, national currency being understood as cash; the pictures to be commenced on the day above named; and moreover, the undersigned agrees to pay the said Count John De Beerski the sum of fifty dollars per week, each Saturday, for board of himself, wife, child, and nurse, during

the months of June, July, and August, and September, this year, providing the same is acceptable to the Count and Countess.

"George S. Paige.

"Witness:

C. H. Jones."

The Plaintiff averred in his complaint that said contract was delivered to him on the day it bears date, and was accepted by him as a valid and subsisting contract between him and the Defendant. He also averred that he has ever since been willing and ready, and has offered to perform the same on his part, but that the Defendant has entirely failed, and has neglected and refused to perform the same, or any part thereof, but has broken the same, and refuses to purchase said property, or have said pictures painted, or to carry out said agreement for board, as specified therein, or in anywise to perform the same. The Plaintiff then sets up special damage, occasioned by said Defendant's refusal to purchase said property, in that he withdrew the same for sale from a broker, who was about effecting a sale thereof, whereby such sale was lost. That in consequence of said Defendant's agreement, he refused other orders to paint pictures, whereby he was deprived of the profits he would have realized from the same; and relying upon performance by the Defendant, that he would board with him according to the terms of said agreement, and to enable him, said Plaintiff, properly to perform the same on his part, he incurred large expenditures, by way of improving and repairing said premises, refurnishing said house, employing extra servants, and making other outlays. And the Plaintiff claimed to recover what he had lost as profit on painting said pictures, and the profits which he would have made in boarding the Defendant and his family, which said losses in the aggregate amounted to three thousand dollars, for which, and the interest thereon, the Plaintiff demanded judgment. To this complaint the Defendant demurred, and alleged that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained at Special Term, and on appeal the judgment was affirmed.

It is conceded that the contract upon which the Plaintiff sues, in so far as it relates to the sale of the lands therein referred to, is void and of no effect, for the reason that it is not signed by the party by whom the sale was to be made, as required by the statute; and the Plaintiff makes no claim in his complaint for any damage caused by the Defendant's breach of the contract, in not making or completing such purchase (2 R. S. 135, § 8; Worrall v. Munn, 1 Seld. 229, and the cases cited). But it is contended on the part of the Plaintiff that the contract is severable; and although that portion relating to the sale of the land is void, yet the subsequent portions, in respect to the pictures and the board of the Defendant and his family, are valid. This position is not obvious, and cannot be maintained. Taking the whole agreement together, and looking carefully at its various provisions, it is manifest that the agreement to employ and pay the Plaintiff for painting the pictures, was dependent upon the non-purchase of the property by the Defendant. "In case a purchase is not effected," then he agreed to pay the Plaintiff for the pictures. So also it is equally clear that the agreement to board with the Plaintiff was itself dependent upon the result of the painting of the pictures by the Plaintiff. Neither of these agreements are independent of and disconnected from the prior engagement to examine the property, and if satisfied therewith to purchase the same.

It is well settled that if part of one entire contract is void, under the Statute of Frauds, the whole is void; that the party shall not be permitted to separate the parts of an entire agreement, and recover on one part, the other being void (Chater v. Beckett, 7 Term Rep. 201; Crawford v. Morrell, 8 Johns. 253; Van Alstyne v. Wimple, 5 Cowen, 162; Mackie v. Cairns, id. 548; Thayer v. Rock, 13 Wend. 53). In Chater v. Beckett (supra) one Harris was indebted to the Plaintiff, and the Defendant undertook to pay part of the debt, and certain expenses. He paid part of the debt, but not the expenses, and on suit brought Lord Kenyon said that the promise was void in part by the statute, and the agreement being entire, the Plaintiff cannot now separate

it, and recover on one part of the agreement, the other being
void.   Grose, Justice, says.: "It seems admitted that part of the
promise is void by the statute, but it was one indivisible contract,
and the Plaintiff cannot recover on any part.". And in Crawford
*v.* Morrell (supra) the Plaintiff declared on a parol contract to
pay him for certain land given for a public highway; and the
contract proved was, that the Defendant was to pay the Plaintiff,
not only for the land given for the highway, but also for a distinct
and separate piece of land, and the Court said : "This was part
of the same contract, and this last part was void by the Statute
of Frauds; and if part of one entire contract be illegal and void,
the whole is void."   And this principle has been applied, although
the part which was void, and could not have been enforced, had
actually been performed.   As in Lord Lexington *v.* Clarke and
wife (2 Ventr. 223), the declaration stated that Brady, the former
husband of Mrs. Clarke, was tenant at will to the Plaintiff, at an
annual rent of £320; that at the time of his death one-half
year's rent was due; that Mrs. Clarke, while sole before her
second marriage, in consideration that the Plaintiff would per-
mit her to remove certain posts, rails, &c., fixed on the premises
by her husband, promised to pay the £160 in arrear, and also £260
more.   The £160 were paid before suit brought, and it was held
that this part of the agreement, being void, as it was to pay
the debt of another, and not in writing, the residue was void
also, although, had it stood by itself, it might have been enforced.
In Thayer *v.* Rock (supra) a contract had been made as well for
the sale of real as of personal property, which was entire, founded
upon one and the same consideration; and the same not being
reduced to writing, it was held that it was void, as well in respect
to the personal as the real property.   Chief Justice Savage says :
"The action in this case was brought to enforce that part of the
contract which, if it had stood alone, would have been good; but
being part of an entire contract, embracing another subject, in re-
spect to which it was void, the whole was void.  The contract to sell
the mill-site and privileges, and also the wood and timber, was one
entire contract, entered into for one and the same consideration;

the two subjects cannot be separated, and being void in part, is totally void." And the Chief Justice illustrates the principle of the decision in this manner: "So of the case put by counsel, in argument: A sells to B an acre of land and a pair of horses for $500, all by one entire parol contract; the horses are delivered, and the money paid. The counsel says the title to the horses passes; not so, I apprehend, for the contract as to the land being void, the whole is void. A may reclaim his horses, or their value, and B may recover back his $500."

It is supposed that this case is not distinguishable from that of Darling *v.* Rogers (22 Wend. 483). There an assignment was executed for the benefit of the creditors, and authorized the assigns to sell the assigned estate, or to mortgage the same, or any part thereof; and it was held that the instrument was valid so far as it authorized the assigns to sell, notwithstanding that the trust to mortgage, being for the benefit of creditors at large, was void. But this was adjudged on the ground that the power to sell and the power to mortgage were separate and distinct, and that the instrument was complete and legally operative, embracing only the power to sell. Judge Cowen says: "The assignor had complete power to create a trust to sell for the benefit of creditors. So far he had complete power, and he exercised it. He conveyed his real and personal estate, in trust, to be sold, and have the proceeds distributed among his creditors. The whole is one trust, created by the same words. The assignment is thus complete, answering to the intent of the parties, and legally operative." He then proceeds to discuss the clause giving the assignees power to mortgage. The addition he regards as innocent in its own nature, and was probably inserted through the inadvertence of the scrivener —that it is a mistake to suppose that this subverts the whole transaction. He says: "The nullity is admitted to be innoxious with regard to one part of the trust clause to sell—that is left to operate; but over the other half it is said to come like a paralysis, rendering the assignment wholly inoperative with regard to the real estate. . . . The debtor has given a deed with trusts which are perfectly valid to a certain extent; he has completely ex-

hausted the power conferred by law in raising a trust to sell; and the question is whether, because in one idle particular he happens to have gone beyond his strength and failed, everything that is well done must fail with it. I think all must agree that there is nothing in the nature of things which calls for such a result." Senator Verplanck took the same view, and held that one authority was in no manner complicated with the other, in such wise that the valid cannot be sustained without giving effect to the other. The principle of this decision is inapplicable to the case at bar.

If we obliterate from this contract that portion of it relating to the sale and purchase of the real estate, no consideration remains to support the subsequent promise to have the pictures painted, and the boarding with the Plaintiff. They are mere naked promises, without any consideration to support them. They can derive no aliment or sustenance from that part of the contract which is conceded to be void.

The judgment of the Supreme Court was right, and should be affirmed.

Affirmed.

<div align="right">

JOEL TIFFANY,
State Reporter.