DAISY E. CANUTE, Respondent, v. BURDETTE N. MINOR and Another, as Executors, etc., of RACHEL J. CANUTE PARKS, Deceased, Appellants.*

Fourth Department, May 6, 1931.

---

* Revg. 137 Misc. 717.

*Joseph H. Engel* [*Hampton H. Halsey* of counsel], for the appellants.

*MacFarlane & Harris* [*William MacFarlane* with them on the brief], for the respondent.

THOMPSON, J. The complaint and bill of particulars read together (*Harmon* v. *Peats Co.*, 243 N. Y. 473, 476) assert a cause of action for specific performance of an oral contract to make a will of real estate. Plaintiff, who is the daughter of defendants' testatrix, claims, and the trial court has found, that on or about December 20, 1913, decedent entered into an oral contract with her by which, in consideration of plaintiff's giving up her business (which took her from the city of Rochester), remaining in the city of Rochester, living with decedent and helping her as she from time to time might require, decedent agreed that she would execute, publish and declare a valid last will and testament, leaving plaintiff certain real estate. The complaint also alleges, and the court has found, that plaintiff performed her part of this contract; and she has a judgment in accordance with the prayer of the complaint.

Defendants contend that this agreement, not being in writing, is void under the Statute of Frauds (Real Prop. Law, § 259). Respondent claims that the transaction is taken out of this statute by part performance under section 270 of the Real Property Law.

In order to justify a decree of specific performance of a verbal agreement for the conveyance of real estate, the acts of part performance, relied on to escape the operation of the Statute of Frauds, must be such that it would be a fraud on the party performing for the other party to refuse to perform his part. (*Freeman* v. *Freeman*, 43 N. Y. 34; *Parkhurst* v. *Van Cortland*, 14 Johns. 15; 25 R. C. L. 259.)

Courts of equity will not permit the Statute of Frauds to be used

as an instrument of fraud. (*Wood* v. *Rabe*, 96 N. Y. 414, 425.) However, the acts claimed as performance, alone and without the aid of words of promise, must be so definitely and exclusively referable to the agreement as to be unintelligible or at least extraordinary unless as an incident of ownership, present or prospective. Even though legal remedies are inadequate, such acts must not only be consonant with, but solely referable to the agreement. By themselves they must speak the contract. (*Neverman* v. *Neverman*, 254 N. Y. 496; *Burns* v. *McCormick*, 233 id. 230; *Woolley* v. *Stewart*, 222 id. 347; *Dale* v. *Hamilton*, 5 Hare, 369, 381; 26 Eng. Ch. 369; 67 Eng. Reprint, 955.)

They must be in consequence of the contract, and such as " would not have been done but for the contract." (*Williams* v. *Morris*, 95 U. S. 444.)

The conduct of this daughter upon which she relies in order that she may establish part performance of the contract with her mother does not raise the inference that the law requires independent of oral promises.

" One who heard of such service might infer that it would be rewarded in some way. There could be no reasonable inference that it would be rewarded at some indefinite time thereafter by a conveyance of the land." (*Burns* v. *McCormick*, *supra*, at p. 233.)

An equally reasonable inference in the circumstances would be that the services performed were inspired by affection and the consciousness of duty and opportunity that is usually found in such relationship and were gratuitous. (*Ulrich* v. *Ulrich*, 136 N. Y. 120, 123; *Seaman* v. *Jamison*, 158 App. Div. 832, 835.)

This is not a constructive trust as is found in the case of *Foreman* v. *Foreman* (251 N. Y. 237) where a husband paid for lands taken in the name of his wife, who orally declared and submitted to the fact of the trust without objection as the husband managed and improved the land and collected and used the rents thereof. Even in such cases if only part of the consideration has been paid by the party whose confidence has been abused, specific performance will not be decreed but only a lien proportionated to the value thus contributed will be charged upon the land. Other cases cited by respondent fail to support the claim of a constructive trust here, each being a case where the title was taken in the name of the defendant as a matter of convenience, a large part of the purchase price having been furnished by some one else, with an understanding that the title was held in trust for such person or persons.

There is no claim of fraud in this case nor can it be said there is an abuse of a confidential relationship.

" The breach of a void agreement is not a fraud or a wrong in law." (*Woolley* v. *Stewart, supra,* at p. 351.)

For these reasons the judgment should be reversed and the complaint dismissed, with costs.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Ninth finding of fact and the conclusions of law disapproved and reversed and new conclusions made.