BUFFALO SAVINGS BANK, Appellant, v. JOSEPH C. O'GORMAN and CORA L. O'GORMAN, His Wife, Respondents.— Order reversed on the law, with ten dollars costs and disbursements, and motion for summary judgment granted, without costs. Memorandum: The plaintiff-mortgagee sues the defendants-mortgagors to recover $564.24, being the amount of past-due interest and of tax liens on the property which it has paid. The defendant's answer consists of general denials and a counterclaim which alleges that in 1935 defendants assigned the rents of the mortgaged premises to plaintiff, that plaintiff has wilfully neglected to cause the premises to be leased and has permitted the same to remain vacant, thereby causing damage to the defendants in the sum of $1,000. Plaintiff, claiming that there is no defense to the action and no merit to defendants' counterclaim, moved on affidavits for summary judgment under rule 113 of the Rules of Civil Practice. Defendants submitted no affidavits in opposition to the motion. The Special Term denied the motion upon the grounds that the relations of the parties changed when plaintiff took control of the property and that the court could not determine, upon the papers presented, whether certain of the moneys collected by plaintiff, pursuant to the assignment of the rents, should not have been applied in liquidation of the very items upon which plaintiff asks summary judgment. We find in plaintiff's affidavits sufficient facts to substantiate the allegations of its complaint and to show that defendants' counterclaim is without merit and is interposed only for the purpose of delay. The plaintiff's motion, therefore, should have been granted. (*General Investment Co.* v. *Interborough R. T. Co.*, 235 N. Y. 133; *O'Meara Co.* v. *National Park Bank*, 239 id. 386, 395; *Buffalo General Hospital* v. *Suppa*, 257 App. Div. 1030.) All concur. (The order denies plaintiff's motion to strike out defendant's answer and for summary judgment in an action under a bond and mortgage to recover installments of interest and taxes.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

BERTHA WAHL and JOSEPH M. SEYFRIED, Respondents, v. MARY SEYFRIED and ALBERT SEYFRIED, Individually and as Executors, etc., of MAGDALENE SEYFRIED, Deceased, Appellants, and Another, Defendant.— Judgment affirmed, without costs of this appeal to any party. All concur, except Taylor and Dowling, JJ., who dissent and vote for reversal on the law and facts and for dismissal of the complaint on the ground that the findings that the contract alleged in the complaint was made are contrary to and against the weight of the evidence. (See *Tracy* v. *Danzinger*, 253 App. Div. 418; affd., 279 N. Y. 679.) (The judgment is for plaintiffs in an action to compel specific performance of an agreement.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

RUTH CHURCH, Respondent, v. KATHLEEN S. MADDEN and Others, Appellants.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellants to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $3,000, as of the date of the rendition thereof, in which event the judgment is modified accordingly and, as so modified, is, together with the order, affirmed, without costs of this appeal to either party. All concur, except Harris, J., who dissents and votes for affirmance. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.