Elizabeth L. George, Respondent, *v.* Harvey O. Dobson and James H. Gilvarry, as Executors, etc., of James J. Fox, Deceased, Defendants, Impleaded with Robert A. Black and Others, Appellants.

Second Department, March 10, 1941.

Frederick Sheffield [Bertram F. Willcox and James P. Cronan, Jr., with him on the brief], for the appellants.

George J. Warmund, for the respondent.

Hagarty, J. This is an action against the executors of the estate of James J. Fox, deceased, for specific performance of an oral contract alleged to have been made by and between plaintiff and Mr. Fox, whereby plaintiff agreed to serve as housekeeper for the testator during his lifetime, in consideration of his agreement to leave her all of his property by will. It is alleged that plaintiff performed on her part. The defendants-appellants, who were joined as parties by order, are apparently beneficiaries under the will of decedent, the terms of which will do not conform to the alleged agreement.

The dismissal is sought pursuant to subdivision 8 of rule 107 of the Rules of Civil Practice, on the ground that this action is barred by the Real Property Law (§ 259) in that the subject-matter of the contract consists of both real and personal property. Respondent urges performance. (See Real Prop. Law, § 270.)

The allegations of the complaint present facts strikingly similar in many respects to those in *Burns* v. *McCormick* (233 N. Y. 230), as set forth in the opinion by Judge CARDOZO, where the alleged oral agreement was that one Halsey, upon his death, would leave to plaintiffs a specific house and lot with its furniture and equipment if the latter would board and care for him during his life. There, the plaintiffs alleged that, in accordance with the agreement, they gave up their home and business in another community, and boarded and cared for decedent during the remainder of his lifetime. Here, the plaintiff alleges that she sold her interest in a restaurant business, to the knowledge of the testator and in accordance with the agreement, and fully complied with the terms of the contract on her part. In the cited case it was held that the acts did not constitute such part performance as would bar the application of the Real Property Law (§ 259). Judge CARDOZO writes, in effect, that a housekeeper who abandons other prospects of establishment in life and renders service without pay upon the oral promise of her employer to give her a life estate in land, must find her remedy in an action to recover the value of the services, as her conduct was not " unequivocally referable " to the contract, and was not significant of ownership either present or prospective when separated from the promise.

Any possible distinction between *Burns* v. *McCormick* (*supra*) and the present case on the ground that there the agreement was to leave a specific parcel of realty with furniture and equipment, whereas in the present case the agreement was to leave all of decedent's property, which might not necessarily involve realty, is rendered immaterial in the light of the authority of *Kezer* v. *Seely* (236 N. Y. 567). There a judgment in an action for specific performance, wherein plaintiff demanded that defendants execute and deliver to her a conveyance of their rights in real property left by a decedent, was reversed and the complaint dismissed on the authority of the *Burns* case (*supra*), the agreement, as here, being that decedent promised to leave to plaintiff all of her property.

The contract is not good even as to personalty where realty is also involved. It will be noted that in the *Burns* case (*supra*) the contract embraced both a house and lot and personalty. In *Thayer* v. *Rock* (13 Wend. 53) it was held, as appears from the syllabus, that " A contract, made as well for the sale of real as of personal property, which is entire, founded upon one and the same consideration, and is not reduced to writing, is void, as well in respect to the personal as the real property, the subject of the contract." To the same effect is the authority of *DeBeerski* v. *Paige* (36 N. Y. 537, 539) where it was stated that " It is well

settled, if part of one entire contract be void under the statute of frauds, the whole is void; that the party shall not be permitted to separate the parts of an entire agreement, and recover on one part, the other being void."

Accordingly, the order should be reversed on the law, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, without costs.

LAZANSKY, P. J., JOHNSTON, ADEL and CLOSE, JJ., concur.

Order denying motion to dismiss complaint reversed on the law, with ten dollars costs and disbursements, and motion granted, without costs.