ROBERT HAMMOND and HELEN HAMMOND, Infants, by HELEN HAMMOND, Their Guardian ad Litem, and JOHN H. HAMMOND, Respondents, *v.* WILLIAM S. HAMMOND, Appellant, Impleaded with ANN HAMMOND and Others, Defendants.

First Department, June 5, 1942.

*George W. Percy, Jr.,* for the appellant.

*Louis Engelberg,* for the respondents.

COHN, J. Plaintiffs in this action are the children of Edward N. Hammond, deceased. They seek specific performance of an alleged agreement made between their father and his mother, Ann Hammond, deceased, whereby Ann Hammond agreed to bequeath and devise to Edward N. Hammond, or his children if he should predecease Ann Hammond, such share of her estate as he would have received if Ann Hammond had died intestate.

The complaint fails to state whether the agreement was oral or in writing but alleges that by the terms thereof Edward N. Hammond agreed to and did surrender to Ann Hammond his share in the estate of his father, Edward E. Hammond. The pleading further sets forth that Edward N. Hammond predeceased Ann Hammond; that in her last will and testament Ann Hammond bequeathed to plaintiffs herein only the sum of $200 each, notwithstanding that the value of her estate, consisting of both real and personal property, is more than $10,000.

In his answer to the complaint, appellant, who is the executor of the estate of Ann Hammond, deceased, alleges as a second affirmative defense that the agreement sought to be enforced was for the sale or conveyance of an interest in real property and was not in writing and that no written memorandum or note thereof was ever subscribed by Ann Hammond or by her lawful agent duly authorized in writing. The third affirmative defense is similar with respect to the averment of absence of a writing, but it alleges that the agreement mentioned in the complaint was to bequeath or make a testamentary provision.

To avail himself of the defense on a trial, appellant must plead the Statute of Frauds. (Civ. Prac. Act, § 242; *McKenna* v. *Meehan,* 248 N. Y. 206, 212.) It is contended, however, that these defenses of the Statute of Frauds (Real Prop. Law, § 259) were properly stricken for legal insufficiency, because the defenses could not validly be interposed since plaintiffs alleged performance of the agreement on the part of Edward N. Hammond. We think the disposition was erroneous and that the defenses should have been permitted to stand.

As was aptly expressed in *Canute* v. *Minor* (232 App. Div. 325, at p. 326; affd., 258 N. Y. 558):

" In order to justify a decree of specific performance of a verbal agreement for the conveyance of real estate, the acts of part per-

formance, relied on to escape the operation of the Statute of Frauds, must be such that it would be a fraud on the party performing for the other party to refuse to perform his part. (*Freeman* v. *Freeman*, 43 N. Y. 34; *Parkhurst* v. *Van Cortland*, 14 Johns. 15; 25 R. C. L. 259.)

" Courts of equity will not permit the Statute of Frauds to be used as an instrument of fraud. (*Wood* v. *Rabe*, 96 N. Y. 414, 425.) However, the acts claimed as performance, alone and without the aid of words of promise, must be so definitely and exclusively referable to the agreement as to be unintelligible or at least extraordinary unless as an incident of ownership, present or prospective. Even though legal remedies are inadequate, such acts must not only be consonant with, but solely referable to the agreement. By themselves they must speak the contract. (*Neverman* v. *Neverman*, 254 N. Y. 496; *Burns* v. *McCormick*, 233 id. 230; *Woolley* v. *Stewart*, 222 id. 347; *Dale* v. *Hamilton*, 5 Hare, 369, 381; 26 Eng. Ch. 369; 67 Eng. Reprint, 955.)

" They must be in consequence of the contract, and such as ' would not have been done but for the contract.' (*Williams* v. *Morris*, 95 U. S. 444.) "

In striking out the defenses, the court in effect has ruled that the part performance alleged by plaintiffs to take the transaction out of the Statute of Frauds, is such as fully meets the test prescribed in the *Canute* case. Yet the court is in no position to pass upon that issue now as it can only be determined at the trial of the action, dependent upon the proof to be adduced there. As pleaded, it must be held that the defenses state facts which, if established, will defeat plaintiffs' cause of action unless overcome by proof of part performance of the quality sufficient to take the transaction out of the Statute of Frauds.

With respect to the third defense, attention is called by plaintiffs to the fact that section 259-a of the Real Property Law did not become effective until April 28, 1933, whereas the agreement referred to in the complaint was made in May, 1922. We think that even before the enactment of this statute it was the law that an oral contract to devise real property was within the operation of the Statute of Frauds (Real Prop. Law, § 259) relative to contracts for the sale of real property. Section 259-a of the Real Property Law was merely a codification of the law as it existed at the time this statute was adopted. (*Canute* v. *Minor, supra.*)

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion denied.