CHARLES C. O'BOYLE et al., Plaintiffs, *v.* EDWARD C. BRENNER, Defendant.

Supreme Court, Special Term, New York County, July 1, 1947.

*De Forest & Elder* for plaintiffs.

*Francis J. Mahoney* for defendant.

BENVENGA, J. This is an action to impress a trust and for other equitable relief.

The plaintiffs are the children of Anna Cobleigh Brenner, deceased; the defendant was the husband of the deceased and the stepfather of the plaintiffs. In February, 1945, Mrs.

Brenner died, leaving a last will and testament dated July 6, 1942, by which she devised and bequeathed to defendant all her property, real and personal, with the exception of nominal legacies to her children.

The complaint alleges that, to induce Mrs. Brenner to leave all her property to him, defendant promised to hold all such property, together with all the property which he might own at the time of her death, in trust for the plaintiffs, the defendant to have the use and income thereof during his lifetime, and plaintiffs to have such property, share and share alike, upon his death; that relying upon his promise, Mrs. Brenner executed a will; did not alter or revoke it, and made substantial advances of property and money to defendant; that defendant has repudiated his promise and signified his unwillingness to perform the same.

While asserting that the alleged promise was oral, plaintiffs claim that the substance of it is set forth in two notes in the handwriting of Mrs. Brenner, found at the time of her death in her prayer book. One of these notes was addressed to plaintiffs; the other to defendant. When found, the notes were read by each of the plaintiffs and by defendant. After reading them, defendant admitted, according to plaintiffs, that he had made the promise therein set forth, and stated that he intended to abide by it. Concededly, defendant took possession of the notes. They were not produced at the trial. Defendant testified that they had mysteriously disappeared.

There is sharp conflict in the evidence as to the contents of the notes. On the basis of the evidence, the conclusion is inescapable that the note addressed to plaintiffs read as follows: " My dear ones: I've left everything in Doctor's (defendant's) care for you. Please listen to his advice and be good to him. He has made me a promise. Everything we have shall be yours. I know he will keep it. Mother.''

Equally conclusive is the evidence that the note addressed to defendant was as follows: " Neddie dearest: Don't forget your promise to me. Everything to my children when you come to join me. I'll be waiting. Frau.''

Clearly, therefore, Mrs. Brenner left her property to defendant upon his promise or representation, or at least in the hope and expectation, that '' Everything we have '' would ultimately go to her children; that is, that everything that defendant possessed, including property received by defendant from his wife, would pass on to the children at the time of his death, and not, as plaintiffs allege, at the time of Mrs. Brenner's

death. So construed, there is nothing inconsistent between the promise evidenced by the notes and the provisions of the will itself, whether relating to the jewelry or otherwise. The will, of course, proceeds upon the assumption that defendant would keep the promise contained in the notes.

Under the circumstances, a constructive trust may be declared; for it is a well-settled equitable principle that " * * * where one obtains a bequest or devise of property upon his representation that he would devote it to the use of one who would otherwise be an object of testator's bounty and he thereafter refuses to put it to the use promised, a court of equity will enforce the obligation by impressing a trust upon the property in favor of the intended beneficiary * * *." (*Matter of Buehler,* 186 Misc. 306, 313, 314, and cases cited, affd. 272 App. Div. 757.) Equally well established is the rule that neither the Statute of Frauds nor the Statute of Wills prevents the recognition of such a trust, especially where a confidential relation would be abused if there were repudiation, without redress (*Matter of Buehler, supra,* p. 312); for " * * * the will takes effect as written and proved, but to promote justice and prevent wrong the courts compel the legatee to dispose of his gift in accordance with equity and good conscience." (*Amherst College* v. *Ritch,* 151 N. Y. 282, 324–325.)

True, there is no evidence as to exactly when these notes were written, nor when the promise was made. But there is evidence that in February, 1944, Mrs. Brenner instructed her attorneys to revoke or modify her will of July 6, 1942, and to prepare a will which would, in effect, enable her children to obtain her property upon her death. There is also evidence that, in March, 1944, defendant himself telephoned Mrs. Brenner's attorneys requesting them to do nothing further regarding the will until they received further instructions. These instructions were never given to the attorneys. Under the circumstances, a finding is warranted that the promise was made and the notes written in March, 1944, if not before. It is therefore not unfair to impress a trust upon all the property received by defendant upon the faith of his promise, whether by will or otherwise, on and after that date.

But while this court may impress a trust upon property actually obtained by defendant from his wife as a result of his promise or representation, it may not impress a trust upon defendant's own property or property not so obtained, or direct the specific performance by defendant of his alleged

oral agreement to devise and bequeath his property to the children, without violating the provisions of the Statute of Frauds or the Statute of Wills (Real Property Law, §§ 242, 259, 259-a; Personal Property Law, §. 31), which require such agreements to be in writing (see *Matter of Buehler, supra,* pp. 310, 312, 313–314; *Caton* v. *Caton,* L. R. 1 Ch. 137, 146–147, 149; *Heinisch* v. *Pennington,* 73 N. J. Eq. 456, 462, affd. 75 N. J. Eq. 606). For the purpose of constructive trust is to put the parties *in statu quo and prevent* unjust enrichment, and not to deprive the wrongdoer of his property or to penalize him for his wrong (*Golland* v. *Golland,* 84 Misc. 299, 306, CARDOZO, J.; *Matter of Buehler, supra,* p. 313; 3 Scott on Trusts, §§ 462.2, 482, 488). "Although the Statute of Frauds prevents the enforcement of the agreement, it would seem that the grantor should be entitled to be put *in statu quo.* Although the oral agreement cannot be shown for the purpose of enforcing it, it would seem that it should be provable for the purpose of restoring the parties to the condition in which they were before the conveyance was made." (3 Scott on Trusts, § 482, pp. 2361–2362.) "The true remedy, therefore, would seem to be not to go forward, but to go backward; to put the parties not where, by the oral agreement, they expected to be put, but where they were before the agreement was made." (Scott, Conveyance upon Trusts Not Properly Declared, 37 Harv. L. Rev. 689.) As the Court of Appeals has pointed out, "Equity compels the application of property thus obtained to the purpose of the testator, but equity cannot so impress a trust except on property obtained by the promise." (*Seaver* v. *Ransom,* 224 N. Y. 233, 236.)

True, a court of equity may compel the specific performance of an oral agreement affecting real property, where there has been part performance (Real Property Law, § 270). But assuming the application of this doctrine, the mere devise and bequest of property in accordance with an alleged oral agreement, is not, as plaintiffs argue, sufficient to take the agreement out of the operation of the Statute of Frauds or the Statute of Wills (*Matter of Buehler, supra,* pp. 311–312). "Not every act of part performance will move a court of equity, though legal remedies are inadequate, to enforce an oral agreement affecting rights in land. There must be performance 'unequivocally referable' to the agreement, performance which alone and without the aid of words of promise is unintelligible or at least extraordinary unless as an incident of ownership, assured, if not existing. * * * What is done must itself supply the

key to what is promised. It is not enough that what is promised may give significance to what is done.'' (*Burns* v. *McCormick*, 233 N. Y. 230, 232.) Applying this test, the act of part performance upon which plaintiffs rely, to paraphrase the language of the *Buehler* decision (*supra*, p. 312), is wholly insufficient to warrant a court of equity in exercising its dispensing power. Their mother executed a will leaving all her property to her husband. Standing alone that act gives not the slightest indication of any precedent agreement. Intrinsically, such an act of a wife could not be said to be necessarily referable to the oral agreement alleged.

For these reasons, judgment is directed for the plaintiffs in accordance with this decision. Settle judgment accordingly.