In the Matter of the Accounting of DONALD McKESSON et al., as Administrators of the Estate of LOUISE E. F. BUEHLER, Deceased.

CAROLYN B. SIENER et al., Appellants, v. DONALD McKESSON et al., as Administrators of the Estate of LOUISE E. F. BUEHLER, Deceased, Respondents.

*Per Curiam.* The first cause of action repleads the same claim previously held to be barred by the Statute of Frauds and was properly dismissed without leave to replead (*Matter of Buehler,* 186 Misc. 306, affd. 272 App. Div. 757, motion for leave to appeal denied 272 App. Div. 794).

The second cause of action on the theory of a fiduciary relationship as expounded in *Sinclair* v. *Purdy* (235 N. Y. 245), should be allowed to stand

as intending to plead only as to the property received from the husband's estate and the prayer for relief should be amended accordingly. This does not mean that, under the second cause of action, plaintiffs may not allege the oral agreement as they claim it was in fact made, viz., that Louise E. F. Buehler would leave to plaintiffs her property, including that which she received from her husband. But the cause of action permitted is not one to recover on such an oral agreement as a contract, and the only materiality which the said oral agreement can have, if it was made, is to indicate that Mr. Buehler willed his estate to Mrs. Buehler "under cover of the relation of confidence" (*Sinclair* v. *Purdy, supra,* p. 253) so as to put the court in motion in order to prevent any unjust enrichment of Mrs. Buehler's estate by the amount which she received from her husband's estate.

The claim of the gift of securities *inter vivos* and the conversion thereof by defendants was not included at all in the prior complaint; and, as plaintiffs' time to amend as of course had long since expired, such new cause of action cannot be pleaded without leave of the court which was neither sought nor obtained. The said alleged gift of securities does not aid plaintiffs in surmounting the Statute of Frauds with respect to the first cause of action on any theory that it is an act "unequivocally referable" to the alleged oral agreement by Louise Buehler to leave to plaintiffs by her will her entire estate (*Burns* v. *McCormick,* 233 N. Y. 230). Plaintiffs may not now arbitrarily assert such new claim in this pending action to avoid circuity of procedure. Such allegations should be struck from the second cause of action in the amended complaint without prejudice to plaintiffs' attempting to assert such claim in a separate action.

The order appealed from should be modified by affirming dismissal of the first cause of action without leave to replead and by dismissing the second cause of action with leave to replead a cause of action solely directed to the property received from the husband's estate omitting the alleged claim of a gift *inter vivos* and a conversion and any claim whatever to all the property of Louise E. F. Buehler. As so modified the order appealed from should be affirmed, without costs.

The decree should be reversed, without costs, as in the second cause of action there is a contingent and unliquidated claim against the estate (Surrogate's Ct. Act, § 207), and the proceeding remitted to the Surrogate of the County of New York for further action in accordance with this opinion.

Peck, P. J., Glennon, Dore, Cohn and Von Voorhis, JJ., concur in *Per Curiam* opinion.

Order unanimously modified in accordance with opinion and as so modified affirmed, without costs. Decree unanimously reversed, without costs, and the proceeding remitted to the Surrogate of the County of New York for further action in accordance with opinion. Settle order on notice.