In the Matter of the Accounting of AUDREY L. KIRK, as Administratrix of the Estate of MARIE V. LOFTUS, Deceased.

Surrogate's Court, Monroe County, December 30, 1948.

*Arthur V. D. Chamberlain* for administratrix, respondent.

*Don C. Allen* and *J. Coyne O'Brien* for Bertha Bond, claimant.

WITMER, S. Claimant alleges that "at the request of the deceased and under the agreement that the decedent's money and property would be kept intact and would be shared equally by deponent and the deceased \* \* \* deponent supported the deceased and her infant daughter \* \* \* and maintained the household of the deceased and paid all charges and expenses in connection with the operation of the household and paid the taxes, interest on the mortgage, principal payments on the mortgage; made repairs, painted and improved the real property \* \* \* for the period of twenty-three years prior to the death of the deceased". By reason thereof claimant claims a half interest in deceased's estate and asks that a constructive trust be impressed upon the assets of the estate to secure such interest. Respondent has moved to dismiss this claim as insufficient in law and as violative of the Statute of Frauds. Claimant in the alternative also claims the right to be paid for services rendered and advances made to deceased to the extent of $20,568.99, but this latter claim is not involved on this motion.

The statutory provisions rendering unenforcible an oral agreement "the performance of which is not to be completed before the end of a lifetime" or "to bequeath property or make a testamentary provision of any kind" were enacted in the year 1933. (Personal Property Law, § 31, subds. 1, 7.) This statute is not retroactive. (*Ralph* v. *Cronk,* 266 N. Y. 428; *Doyle* v. *Gleason,* 244 App. Div. 52; *Matter of Buehler,* 186 Misc. 306.) Since it is a fair inference from the wording of the claim herein that the alleged oral agreement to "share" the deceased's estate was made twenty-three years ago and hence prior to the amendment of 1933 above referred to, such agreement is not affected by said amendment. The alleged agreement is disputed by the respondent; and its exact nature and extent are not fully shown. Claimant is entitled to present her proof, at which time the court may determine the statutes and rules of law applicable. (*Jacobson* v. *Jacobson,* 268 App. Div 770.)

As a matter of warning to claimant, however, the court calls her attention to the status, prior to the amendment of 1933, of alleged oral agreements to bequeath property. Although such agreements, when proved, were enforcible, until proved they were viewed with great suspicion and very strong evidence was

required to establish them. (*Hamlin* v. *Stevens,* 177 N. Y. 39, 47 *et seq.*; *Holt* v. *Twite,* 188 N. Y. 17, 22–25.)

It should be noted, also, that in the portion of the claim here considered, claimant seeks to enforce an oral contract to " share ". Such an action is not a case for impressing a constructive trust as requested, but is to require performance of the alleged contract.

The motion to dismiss the first claim as a matter of law is denied.

Submit order accordingly.