Arthur GK Klein, J.
This action has been brought by the daughters of Margaret Mottek, deceased, to impress a trust upon property belonging to the estate of Margaret Mottek, and to have the same distributed to the plaintiffs pursuant to the terms of an alleged joint and reciprocal will executed by Ludwig Mottek and his wife, Margaret, in 1946. It is the contention of the plaintiffs, that after her husband died in 1950, Margaret Mottek executed another will in 1955 which made provision for plaintiffs, but not as sole and absolute heirs, and was therefore in violation of the joint and reciprocal will.
The principle is firmly established in our jurisdiction that, where one obtains a bequest or devise of property upon his representation that he will devote it to the use of one who would otherwise be an object of the legatee’s bounty, and he thereafter refuses to put it to the use promised, a court of equity will enforce the obligation by impressing a trust upon the property in favor of the intended beneficiary (Matter of Buehler, 186 Misc. 306, affd. 272 App. Div. 757, motion for leave to appeal denied 272 App. Div. 794 ; Oursler v. Armstrong, 10 Misc 2d 654, affd. 8 A D 2d 194).
A reading of the alleged joint and reciprocal will, however, fails to disclose an express agreement between Ludwig Mottek and his wife that the property here in question would be bequeathed or devised to the plaintiffs solely and absolutely.
The instrument reads as follows: “ we spouses mutually appoint ourselves heirs, if neither of us remarries. In the latter *196 ease there would have to be a prior settlement with our children. Therefore, the survivor is the sole heir of the predecedent, whereas our children are appointed heirs of the last decedent spouse. ’ ’
It must be noted that the survivor of the spouses is designated as “ the sole heir ” of the “ predecedent.” As to the children, the word “ sole ” is omitted.
The quoted language does not furnish any adequate basis for an express agreement, nor is there sufficient evidence in the case from which an agreement to make the children her sole heirs may be validly implied.
Judgment is accordingly awarded to the defendants, dismissing the complaint on the merits, on the law and the facts.
In view of this determination, the court does not reach the question of the effect of the so-called waiver or release.
All other motions upon which decision was reserved are denied.