THIRD DEPARTMENT, JUNE, 1962

(June 28, 1962) ■

■ HARRY A. REOUX, Appellant, *v.* FIRST NATIONAL BANK OF GLENS FALLS, as Executor of ALELIA H. REOUX, Deceased, et al., Respondents, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term which dismissed, pursuant to subdivision 7 of rule 107 of the Rules of Civil Practice, the first cause of action of the amended complaint in an action wherein plaintiff seeks, in essence, to enforce an alleged oral agreement made in 1924 between plaintiff and his parents, whereby plaintiff agreed to refuse " an advantageous and lucrative position " at a university and instead to remain in the town of his and their residence, " take up the practice of law there, help his parents in the management of their businesses and properties and furnish other valuable services to the parents ", in consideration of which the parents agreed that the survivor of them would " make provision that the plaintiff and [his sister] would share equally in whatever portion of the combined estate of [the parents] * * * was not used by the survivor for his or her maintenance and support during his or her lifetime." It is then alleged that plaintiff performed his agreement in full, that the father died in 1938 and by his will gave all of his estate to the mother, but that upon her death in 1958 she left her will, subsequently probated, whereby she made no provision for plaintiff. A second cause of action seeking restitution of certain property allegedly obtained from the widow by the fraud of certain of the defendants was dismissed pursuant to subdivision 2 of rule 107. It seems clear that the alleged performance by plaintiff, upon which he must rely as against the defense of the Statute of Frauds, is not, and cannot be shown to be " ' unequivocally referable ' to the agreement " and that the acts averred, both of affirmative action and of relinquishment, did not constitute performance of a nature " which alone and without the aid of words of promise is unintelligible or at least extraordinary ". (*Burns* v. *McCormick,* 233 N. Y. 230, 232.) Plaintiff's practice, in his home town, of the profession in which he had been educated, and his rendition to his parents of services, not contended to have been gratuitous, over the many years that ensued might reasonably be ascribed to various motives but certainly, and in any event, could not, in the nature of things, be found " unintelligible ", or even " extraordinary ", except for the supposed agreement, and " unequivocally referable " to it. As Judge CARDOZO further wrote in the case cited (p. 232). " What is done must itself supply the key to what it promised. It is not enough that what is promised may give significance to what is done." The stringent rule of the *Burns* case has been strictly applied, not only upon trials of the issues, but to the determination of motions addressed to pleadings completely parallel to the complaint before us. (*Rosen* v. *250 West 50 St. Corp.,* 296 N. Y. 567, affg. 270 App. Div. 171; *George* v. *Dobson,* 287 N. Y. 675, affg. 261 App. Div. 447; *Canute* v. *Minor,* 232 App. Div. 325, affd. 258 N. Y. 558; *Matter of Buehler,* 186 Misc. 306, affd. 272 App. Div. 757; *Verdone* v. *Verdone,* 121 N. Y. S. 2d 572.) However, quite aside from the breach of contract pleaded, it is possible to spell out an equitable cause of action to impress a trust upon one half of such part of testatrix' estate as came to her under the will of her husband, executed by him in reliance upon their relation of confidence and upon their joint agreement with plaintiff and, by implication at least, with each other, equitable intervention being necessary to prevent her unjust enrichment by the retention of property obtained upon her breach of trust. (*Sinclair* v. *Purdy,* 235 N. Y. 245; *Ahrens* v. *Jones,* 169 N. Y. 555;

*Trustees of Amherst College* v. *Ritch,* 151 N. Y. 282.) This is the only theory now urged by appellant. Although the complaint does not specifically allege an agreement between testatrix and her husband and her breach of it, such are reasonably to be implied from the allegations with respect to the tripartite agreement. (And, see, *Trustees of Amherst College* v. *Ritch, supra,* p. 324; *Farano* v. *Stephanelli,* 7 A D 2d 420, 424; 1 Restatement, Trusts, § 55, pp. 161–162.) We find nothing in *Oursler* v. *Armstrong* (10 N Y 2d 385) requiring a different result. There, the court was concerned with the evidence on the trial and found it insufficient to establish " an actual promise by [the surviving spouse], express or implied, that she would not afterward change her will " (p. 391). Here, of course, we deal only with a pleading, and in it the allegations of the making of the tripartite agreement itself, of the father's execution of his last will " in furtherance of the agreement ", and of the mother's acts in reaffirmation of the agreement, including her execution of a will (prior to her last will) consistent with the agreement, serve to infer, and would certainly support the introduction of evidence establishing, the essential promise by the mother to the father. Although the existence of a promise is " a vital necessity ", the promise itself may be express or implied. (*Oursler* v. *Armstrong, supra,* p. 391.) As above indicated, the remedy invoked is applicable only to the " property obtained by the promise " (*Seaver* v. *Ransom,* 224 N. Y. 233, 236), but relief is not to be denied because the allegations of the complaint are too broad and the demand for judgment excessive (*Niagara Falls Power Co.* v. *White,* 292 N. Y. 472, 480). While we thus find the first cause of action of the amended complaint to be technically sufficient, orderly procedure might best be served by such further amendment as would render specific the allegations now necessarily inferred and as would more clearly state the elements of the cause of action now intended to be pleaded and the scope of the relief sought; but plaintiff should apply to Special Term for permission thus to amend, should he be so advised. Plaintiff's legal capacity to sue upon the second cause of action being dependent upon the sufficiency of the first cause of action, the motion with respect to the second cause of action must now be denied. Order reversed, on the law and the facts, and judgment entered thereon vacated, and motion denied, with $10 costs. The action is referred to Mr. Justice Schirick for trial. Bergan, P. J., Coon, Gibson and Taylor, JJ., concur; Reynolds, J., dissents, and votes to affirm.