ROSE M. LEARY, Respondent, *v.* LIZZIE J. CORVIN et al., Appellants.

RESULTING TRUST — DEED TO FATHER, PART CONSIDERATION PAID BY DAUGHTER — EQUITABLE LIEN FOR AMOUNT ADVANCED, WITH INTEREST.
The payment by a daughter to her father of a sum of money, upon his promise that he would buy "a house for a home" which should go to her upon the death of her parents, and who some five years thereafter pur-chased a house, taking the deed in his own name without her knowledge, for a consideration much in excess of the sum paid by her, does not impress a trust upon the property in her favor; nor is the agreement, by reason of its indefiniteness, enforceable as an executory contract, even if valid in other respects, which it was not, being void under the Statute of Frauds. The daughter is not without remedy, however: the relation between the parties being one of trust and confidence, and her contribution having been made on the faith of an agreement which was violated, she has an equitable lien upon the property for the amount advanced; and having been induced to let it remain in the property in reliance upon her father's promise without receiving any compensation therefor, she is entitled to interest from the time of the original payment.

*Leary* v. *Corwin*, 92 App. Div. 544, modified.

(Argued March 7, 1905; decided April 11, 1905.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 24, 1904, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David McClure* for Lizzie J. Corvin, appellant. The property was not impressed with a trust at the time of its pur-

chase by plaintiff's father. (*Schierloh* v. *Schierloh*, 148 N. Y. 103 ; *Storm* v. *McGrover*, 70 App. Div. 39 ; *Wheeler* v. *Reynolds*, 66 N. Y. 227 ; *Goldsmith* v. *Goldsmith*, 145 N. Y. 313 ; *McClellan* v. *Grant*, 83 App. Div. 599 ; *Lamb* v. *Lamb*, 18 App. Div. 250 ; *Young* v. *Young*, 80 N. Y. 422 ; *Wadd* v. *Hazelton*, 137 N. Y. 215.) The relief granted is unwarranted. (*Ludwig* v. *Bungart*, 26 Misc. Rep. 247 ; *Goldsmith* v. *Goldsmith*, 45 N. Y. 316 ; *Wood* v. *Rabe*, 96 N. Y. 414.)

*Michael J. Scanlan* for Church of St. Mary, appellant. The property, at the time of the purchase by Patrick J. Corvin, in 1880, was not impressed with any trust in favor of the plaintiff. (*Schierloh* v. *Schierloh*, 148 N. Y. 103 ; *Storm* v. *McGrover*, 70 App. Div. 33 ; *Crouse* v. *Frothingham*, 97 N. Y. 105 ; *Duffy* v. *Masterson*, 44 N. Y. 557 ; *Morris* v. *Talcott*, 96 N. Y. 100.) The facts testified to by the plaintiff's witnesses do not support the judgment. (*Wadd* v. *Hazelton*, 137 N. Y. 215 ; *Young* v. *Young*, 80 N. Y. 422.)

*J. Aspinwall Hodge* and *J. Philip Berg* for respondent. A trust is implied to prevent a breach of confidence. (*Wood* v. *Rabe*, 96 N. Y. 414 ; *Goldsmith* v. *Goldsmith*, 145 N. Y. 313 ; *Ahrens* v. *Jones*, 169 N. Y. 555 ; *Lamb* v. *Lamb*, 18 App. Div. 250 ; *Leary* v. *Corvin*, 63 App. Div. 151 ; *McClellan* v. *Grant*, 83 App. Div. 599 ; *Smith* v. *Balcom*, 24 App. Div. 437 ; *Schierloh* v. *Schierloh*, 148 N. Y. 103 ; *Storm* v. *McGrover*, 70 App. Div. 39 ; *Sandford* v. *Ellithrop*, 91 N. Y. 48.) The trust impressed upon the property followed it when it was transferred to the defendant church. (*Lamb* v. *Lamb*, 18 App. Div. 250.) The transfer from the church to Miss Hurley, *i. e.*, the defendant Lizzie Corvin, did not affect the plaintiff's rights in the property. (*Seymour* v. *McKinstry*, 106 N. Y. 230, 242 ; Abb. Tr. Ev. 715 ; *Duffus* v. *H. F. Co.*, 8 App. Div. 567 ; *Bomer* v. *Kaye*, 14 Misc. Rep. 1 ; *Macauley* v. *Smith*, 132 N. Y. 524 ; *Sargent* v. *E. S. A. Co.*, 46 Hun, 19 ; *Baker* v. *Humphrey*, 101 U. S. 494 ; *May* v. *Le Claire*, 11 Wall. 217.)

CULLEN, Ch. J.   The plaintiff is the only child and heir at law of Patrick J. Corvin and Mary, his wife. . In February, 1880, said Patrick acquired by deed the premises known as 278 East Broadway, in the city of New York, for the sum of $6,500.   He and his wife continued to reside on the premises during their lives.   In December, 1890, Patrick and Mary deeded the property in fee to the defendant The Church of St. Mary for a nominal consideration, and at the same time the church conveyed back to said Patrick and Mary an estate in said premises during their joint lives and that of the survivor.   In February, 1892, Mary Corvin died.   In December of the same year the church conveyed the premises to the defendant Lizzie J. Hurley, now Corvin, and at the same time Patrick quitclaimed to her his life estate therein.   The defendant Lizzie Hurley mortgaged the premises for the sum of $6,000, $5,000 of which she gave to the defendant The Church of St. Mary, and thereupon conveyed to Patrick Corvin a life interest in said premises.   Subsequently the said Corvin married the said Lizzie Hurley.   Patrick Corvin died in March, 1898, and in August of the same year the plaintiff instituted this action.   It is alleged in the complaint that prior to the purchase of the premises by Patrick Corvin the plaintiff drew from the savings bank moneys belonging to her, amounting to the sum of $1,300, and gave them to said Patrick under the agreement that the said money should be applied to the purchase of a house, which was to be used and enjoyed by said Patrick and his wife Mary during their lives, and upon the death of the survivor of them the said premises were to go and become the property of the plaintiff in fee simple. The complaint further charged that the conveyance by Patrick and Mary Corvin to the defendant The Church of St. Mary was made in trust to convey the same to the plaintiff after the death of the survivor of her said parents, and that the conveyance by the church to the defendant Lizzie Hurley was made without consideration and in fraud of the plaintiff's rights.   The plaintiff demanded judgment that the said deed to the defendant The Church of St. Mary be declared to be

in trust for her use and benefit and that she be declared the
owner of the premises described therein ; that the deed to the
defendant Lizzie Corvin be declared fraudulent and void ;
that said defendant account for the rents and profits of the
premises received by her and that the plaintiff recover of
the defendant, the church, the sum of $5,000 paid to it from
the proceeds of the mortgage placed on the premises by the
defendant Lizzie Corvin.   The plaintiff succeeded at Special
Term and judgment was awarded her substantially as prayed
for in the complaint.   That judgment has been affirmed by
the Appellate Division by a divided court.

While the Special Term decided the case in favor of the
plaintiff it did not find all the facts charged in the complaint.
On the contrary, it rejected the claim that the conveyance by
Patrick Corvin and his wife to St. Mary's Church was in trust
for the plaintiff after the death of said grantors.   The learned
court based its decision on the original agreement between the
plaintiff and her father, Patrick Corvin, and the subsequent
acquisition of the property by the latter.   The facts found are
best stated in the following quotation from the decision of
the court :

" In 1875, the plaintiff, the sole child of Patrick J. Corvin
and Mary Corvin, entered into an arrangement with them by
which it was agreed that if she would draw some $1,385 from
the savings bank in which she had deposited it to her credit,
that they would add to it certain moneys, and with the funds
thus provided would purchase a house for a home, where they
would live until the death of the parents, and at their death
the plaintiff would have the house.

" This arrangement was acquiesced in by all the parties, and
on or about the 17th day of February, 1875, the plaintiff
handed over to her father the said $1,385 for the purchase of
the home.   For some time no purchase was made, as no avail-
able house was found, and the money apparently remained in
the hands of Patrick J. Corvin until 1880, the interval being
employed in looking about for a suitable place.   In the latter
year the premises described in the complaint and known as

15

279 East Broadway, in New York city, was purchased for $6,500, the balance of the purchase price being furnished by Mrs. Corvin from the sale of certain United States bonds which she possessed. The deed to these premises was taken in the name of Patrick J. Corvin, but that the deed stood in his name does not appear to have been known by the plaintiff. Her parents, and for a part of the time the plaintiff, resided in these premises down to the time of the death of the mother, Mary Corvin, which occurred on the 3rd day of February, 1892." The further findings of the court relate to the subsequent conveyances and transfers of the property. It is unnecessary to refer to them as the facts are substantially conceded and no claim is made that either of the defendants was a purchaser for value. As the decision of the Appellate Division was not unanimous we are not precluded from examining the evidence, but in such a case the only question before us is whether there was any evidence to sustain the finding of the trial court. If so the finding is conclusive upon us. It would not be profitable to review the evidence. It is sufficient to say that, in our opinion, none of the findings of fact was destitute of any evidence for its support.

The question, however, remains whether the facts found entitled the plaintiff to the relief the court has awarded to her. At common law where one person paid the purchase money for lands and the conveyance of the same was taken to another, a trust resulted in favor of the person who paid the purchase money. This doctrine was carried to the extent of holding that the legal title vested in the party paying the consideration, and the lands could be sold on an execution against him. The Revised Statutes changed the common-law rule and enacted (secs. 51, 53, p. 727, 1 R. S.) that where a grant for a valuable consideration is made to one person and the consideration therefor paid by another, no trust results in favor of the person by whom such payment is made, except where the alienee named in the conveyance takes the same as an absolute conveyance in his own name without the knowledge of the person paying the consideration, or where such alienee, in violation of some trust,

purchases the land so conveyed with moneys belonging to another person.   As the trial court found that the plaintiff was unaware that her father, Patrick Corvin, had taken an absolute deed in his own name, the case is not affected by the provisions referred to.   The plaintiff's rights are to be determined under the common law rule.   Now, while that rule is as stated, that a trust results in favor of the person paying the consideration for a conveyance, it is the settled law that to bring a case within the rule the payment must be either of the whole consideration or of some aliquot part thereof, or for the value of some particular estate in the premises conveyed.   The authorities to this effect are uniform.   ( *White* v. *Carpenter*, 2 Paige, 217 ; *Sayre* v. *Townsends*, 15 Wend. 647 ; *McGowan* v. *McGowan*, 14 Gray, 119 ; *Wheeler* v. *Kirtland*, 23 N. J. Equity, 22 ; *Perry* v. *McHenry*, 13 Ill. 227 ; *Baker* v. *Vining*, 30 Me. 121.  See Brown on Frauds, sec. 86.)   As is held in all these cases, " a general contribution of a sum of money towards the entire purchase is not sufficient," and this is the doctrine of the latest decision of this court on the subject in *Schierloh* v. *Schierloh* (148 N. Y. 103).   It was there said by Judge O'BRIEN : " The payment by the wife of a part of the consideration for the conveyance to the husband does not vest in her any estate in the land."   It may well be that had the plaintiff and her father, at the time of the purchase of the property, calculated the probable value of the remainder therein after the death of Patrick and his wife and the plaintiff had contributed towards the purchase such value there would have resulted in her favor a trust in said remainder.   The learned trial judge in his opinion (not in his decision) says that the amount of the plaintiff's contribution was about equal to the value of such remainder calculated on the Northampton tables, though he admits that this was a mere coincidence and not the result of intention.   The learned counsel for the respondent, however, concedes in his brief that the value of the remainder calculated on the principle of annuities was the sum of $2,295.13, while the plaintiff's contribution was only $1,385.   Both the evidence and the findings show that

the plaintiff advanced her money towards the purchase of no particular piece of property, certainly not to the purchase of that which was actually acquired and is the subject of this action, but the payment was made to her father on his promise that he would buy a house which should go to her upon his death and that of her mother. Five years elapsed between the payment of the money and the selection or purchase of any particular property. If the agreement found to have been made between the parties created a trust in favor of the plaintiff in the premises in suit it would equally create a trust in her favor had her father, Patrick Corvin, purchased a house at twice or at five times the price paid for the one actually bought. The indefiniteness of the agreement in this respect would seem an insuperable objection to its enforcement as a contract, if in other respects it was valid, which it was not but was void under the Statute of Frauds.

The learned trial court deemed the present case controlled by two decisions of this court (*Wood* v. *Rabe*, 96 N. Y. 414, and *Goldsmith* v. *Goldsmith*, 145 N. Y. 313). In those cases, as in the present one, there was a confidential relation, that of parent and child, between the parties to the original agreement. In other respects, however, the cases are essentially different. In the first case the plaintiff whose real property had been sold on execution confessed a judgment in favor of the defendant, his mother, to enable her to redeem from the execution sale and acquire the property herself, which she agreed to hold for the benefit of her son, subject, however, to certain claims she had against it. The action was brought to enforce that agreement, to which, being oral, the defendant pleaded the Statute of Frauds. The plaintiff had judgment, which was affirmed in this court. It was held that the agreement was not one for the sale of the land, but an agreement to hold the land in trust for the benefit of the plaintiff. It is to be observed that the action was brought to recover property that had been acquired from him on the faith of the agreement and under the relation of trust and confidence which obtained between parent and child, and not to enforce

an executory agreement for the transfer of the land, in which the plaintiff had previous thereto no interest. The plaintiff simply sought to recover his own. In the second case a mother made a voluntary conveyance to her son on his agreement to hold the property conveyed in trust for himself and the other children of the grantor, who were at the time minors. After the death of the mother the son sold the property and with a portion of the proceeds thereof bought certain other premises. An action was brought against the defendant by his brothers and sisters to recover their shares in the last-named property. It was held that the trust on which the mother made the original conveyance to the son, though declared only orally, would be enforced because of the confidential relation between the parties and other circumstances to which it is unnecessary to refer. The trust being established as to that property, of course the rights of the *cestui que trust* immediately attached to the second piece of property which had been acquired by the proceeds of the sale of the first. Here again there was no attempt to obtain the benefits of an executory contract to sell any interest in real estate but to enforce the trust upon which the property was conveyed by the original owner. The case before us is entirely different in principle. Prior to the purchase of the premises in litigation by her father the plaintiff had no interest therein nor did the owner thereof convey the same to her father upon any trust. Any equitable title in the property inured to the plaintiff, if at all, either as a resulting trust by virtue of her contribution towards the consideration of the purchase or through the enforcement of the executory contract of her father, that after his death and that of his wife the plaintiff should have the property. As we already have seen both of these claims fail.

It does not follow, however, that the plaintiff is entitled to no relief. She made her contribution to the purchase of the property on the faith of an agreement with her father which he has violated by failing to secure to her the property upon his death and the relation between the parties was one of

trust and confidence.   The plaintiff's money having been thus appropriated to the acquisition of the property she has an equitable lien thereon for its amount, and as she has been induced to let it remain in the property in reliance upon her father's promise, without receiving any compensation therefor, now that that promise has been violated she is justly entitled to interest from the time of the original payment to her father.

All the facts having been found by the trial court and affirmed by the Appellate Division and all the appellants' objections and exceptions being before us, it is not necessary that there should be a new trial unless the plaintiff, respondent, elects that such course should be had.   Therefore, if the plaintiff assent thereto, the judgments of the Special Term and the Appellate Division should be so modified as to declare that the plaintiff has a lien upon the premises described in the complaint for the sum of $1,385, with interest thereon from February 17, 1875, less any payments that have been made to her by the receiver of the rents and profits heretofore appointed in this action ; that the premises be sold to satisfy and discharge said lien and in case of any deficiency arising on such sale the plaintiff recover the same from the defendant The Church of St. Mary, and that for that purpose the proceedings be remitted to the Special Term to ascertain the amount due the plaintiff and for action in accordance with this direction, and as modified said judgments of the Special Term and Appellate Division be affirmed, without costs in this court to either party.   In case of the failure of the plaintiff to assent to the foregoing modification within twenty days then a new trial should be ordered, costs to abide the event.

GRAY, O'BRIEN, BARTLETT, HAIGHT and VANN, JJ., concur; WERNER, J., taking no part.

Judgment accordingly.