PRITCHARD v. PRITCHARD et al.

(Supreme Court, Appellate Division, Second Department. October 12, 1909.)

1. TRUSTS (§ 81*)—CREATION.

Where a father advanced money to his son for the purchase of real property in the son's name pursuant to an agreement by which the son promised to furnish the father with a home for life, etc., and to put the agreement in writing, no trust resulted from the taking of title in the son's name, as it was done with the father's knowledge and pursuant to the agreement.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 115–118; Dec. Dig. § 81.*]

2. LIENS (§ 7*)—EQUITABLE LIEN—JURISDICTION—ADEQUACY OF LEGAL REMEDY.

Findings in an action by the father for refusal of the son to execute an oral agreement in writing and to furnish a home for the father, showing that the difficulties leading to the suit resulted from quarrels between the parties after the making of the contract, and not that the son misrepresented that he would execute a written agreement and care for the father until his death to defraud him, and there was no finding of the son's financial irresponsibility, there was no sufficient showing of inadequacy of legal remedy which would justify equity in impressing an equitable lien upon the premises for the father's relief.

[Ed. Note.—For other cases, see Liens, Dec. Dig. § 7.*]

Rich, J., dissenting.

Appeal from Special Term, Kings County.

Action by Richard H. Pritchard against John T. Pritchard and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial granted.

Argued before JENKS, GAYNOR, BURR, RICH, and MILLER, JJ.

William B. Hurd, Jr., for appellants.

August P. Wagener, for respondent.

MILLER, J. This is an appeal from a judgment adjudging that the defendant holds title to certain real property in trust for the plaintiff, and that the plaintiff has an equitable lien thereon for the sum of $4,200, with interest from November 22, 1906. The appellant, appealing upon the judgment roll, contends that the findings do not support the judgment. In substance, the findings so far as

material are that the plaintiff, now upwards of 70 years of age, is the father of the defendant; that in November, 1906, the plaintiff delivered to the defendant $4,200 for the purchase of the real property in question, pursuant to an agreement by which the plaintiff was to advance said sum, in consideration whereof the defendant promised and agreed to "furnish this plaintiff with a home, all the necessary comforts of a home, board, lodging, washing and attendance, for and during the remainder of his natural life, and in case of illness to furnish plaintiff with medical attendance, medicine and nurse, and in case of death to give plaintiff a decent and proper funeral and burial"; that it was also agreed that said agreement should be put in writing, and that the title to said premises should be taken in the name of the defendant John T. Pritchard; that subsequently the said defendant and the defendant Ada Pritchard intermarried, but that the defendant John T. Pritchard has refused to sign or execute such agreement although requested so to do by the plaintiff; that "thereafter plaintiff, in accordance with the terms and conditions of the agreement hereinbefore mentioned, went to live at the residence of the defendant John T. Pritchard, and remained there until about March 3, 1908, when the plaintiff left the defendant's home after various and different disputes and quarrels between the plaintiff and the defendants, and by reason of the neglect, want of care, and cruelty on the part of the defendant John T. Pritchard and his wife, the defendant Ada Pritchard, to provide board and a suitable bed and room to sleep in"; that the plaintiff demanded a return of the moneys contributed as aforesaid or a conveyance of the premises purchased therewith; that the plaintiff advanced said moneys, believing that the defendant John T. Pritchard would execute said agreement in writing, and would carry out the terms and conditions thereof. There is no finding that the plaintiff was to have a home on the premises in question, and none that the defendant has refused to provide the plaintiff with a home elsewhere. There is a finding that the plaintiff has no adequate remedy at law, but there is no finding that the defendant John T. Pritchard is not financially responsible.

No trust resulted from the taking of the title in the name of the defendant John T. Pritchard, for that was done with the plaintiff's knowledge and pursuant to the agreement upon which the plaintiff relies. There was no executory agreement that the said defendant should hold the title as trustee, or that the property purchased should constitute a trust estate to provide for the plaintiff's support which, though void in law, equity, to prevent the abuse of a relation of trust and confidence and the consummation of a fraud, might seize hold of for the purpose of impressing a constructive trust, as in Wood v. Rabe, 96 N. Y. 414, 48 Am. Rep. 640, and Goldsmith v. Goldsmith, 145 N. Y. 313, 39 N. E. 1067. Nor is it a case where equity will fasten a trust ex maleficio upon a gift for the purpose of compelling the donee to perform the promise in reference to it, and but for which it would not have been made, as was the case of Ahrens v. Jones, 169 N. Y. 555, 62 N. E. 666, 88 Am. St. Rep. 620. The plaintiff never owned the premises in question. He advanced the purchase price in consideration of a promise to support him, but, as

already pointed out, there is no finding that that promise in any way contemplated a trust in the property purchased or a lien upon it. Nor is the case like Leary v. Corvin, 181 N. Y. 222, 73 N. E. 984, 106 Am. St. Rep. 542, in which, though there was no resulting trust for the reason that the plaintiff had not contributed the whole or some aliquot part of the consideration, and no executory contract such as equity could enforce to prevent fraud and the abuse of confidence, yet the court impressed an equitable lien upon the property for the amount of the plaintiff's contribution and interest. The difference is that in Leary v. Corvin there was an agreement, void to be sure in law, that the plaintiff should have the property upon the death of the father and mother, pursuant to which and because of the existing relation of trust and confidence between the parties the father had obtained the plaintiff's money, and the father had taken the title in his own name, without the plaintiff's knowledge. While the case did not come within the rule of constructive trusts, the court, to prevent a failure of justice, did impress a lien. The trial court in this case found that the "plaintiff charges that the defendant John T. Pritchard made the representation that he would execute such an agreement and take proper care of this plaintiff until his death * * * for the purpose and with the intent of cheating and defrauding this plaintiff out of the money to be furnished and which was furnished"; but there is no finding that that was the fact. On the contrary, the findings tend to show that the present difficulty results from disputes and quarrels which have occurred subsequent to the making of the contract.

Doubtless, the plaintiff might treat the defendant's refusal to execute the written agreement as a breach and sue to recover back the money paid. If there has been a refusal to perform the agreement made, and I do not think the findings show that there has been except in reference to the execution of the written agreement, the plaintiff can sue for the breach of the agreement, and there is no fact found which supports the conclusion that he has not an adequate remedy at law, or that he will be unable to obtain satisfaction of any judgment at law which he may obtain. Indeed, the defendant has at least the real property in question.

I do not say that, if it were necessary to protect the plaintiff's rights, equity would not impress an equitable lien upon the premises in question. But certainly, before the exercise of such remedial jurisdiction, it should plainly appear that he has no adequate remedy at law.

The judgment should be reversed.

Judgment reversed and new trial granted, costs to abide the final award of costs. All concur, except RICH, J., who dissents.