Ann Kenny, Plaintiff, *v.* Renate Brieger, as Executrix and Trustee under the Will of Fritz Brieger, Deceased, Defendant.

Supreme Court, Special Term, Queens County, July 25, 1949.

*Edward D. Sternat* for defendant.

*Irving H. Schafer* for plaintiff.

Conroy, J. The plaintiff in her complaint states that she and the defendant's testator entered into an agreement as follows: That in or about the month of March, 1946, the testator herein requested the plaintiff to sell her business and to act as general assistant to the defendant's testator and to perform for him such duties as he might from time to time designate, and said defendant's testator agreed that if plaintiff would comply with said request said defendant's testator would, by his last will and testament which he thereupon promised to execute, bequeath to the plaintiff the sum of $150 per month for the duration of the plaintiff's life; that thereafter, and on or about March 19, 1946, testator duly executed a codicil to his will wherein he stated with reference to the plaintiff herein: '' Second (a): I hereby give to Ann Garrison, now residing at Sunnyside, Long Island, and hereby direct my Executrix to purchase for her from some recognized Life Insurance Company, doing business in the State of New York, an annuity that shall provide for the payment to said Ann Garrison of the sum of One hundred and fifty dollars a month, or the sum of Eighteen hundred

dollars per annum, in equal periodical payments, for the duration of the life of said Ann Garrison.'' That thereafter the defendant's testator died leaving a last will and testament, in which and by which he revoked his previous will and codicil, making no provisions for plaintiff.

The plaintiff states that she performed all of the duties that she was called upon to perform. Performance in this case does not remove the necessity of a written memorandum signed by the person to be charged — in this case the defendant's testator — under the seventh subdivision of the Statute of Frauds (Personal Property Law, § 31, subd. 7) providing that a contract to bequeath property is void if not in writing. An oral agreement to make a bequest is not taken out of the operation of the statute by proof of performance by one of the parties. The actual execution of a valid effective codicil or last will by the promisor containing the agreed legacy or devise is necessary. (See *Matter of Ditson,* 177 Misc. 648.)

The motion to dismiss the complaint herein, on the ground that the contract on which the action is founded is unenforcible, is granted.

Submit order.