In the Matter of the Accounting of R<small>OBERT</small> E. O'F<small>ARRELL</small> et al.,
as Executors of F<small>RIEDA</small> K<small>UTHE</small>, Deceased.

Surrogate's Court, Queens County, May 18, 1951.

*Robert Emmet O'Farrell,* in person and for Carl Bluethgen,
as executors.

*Frank J. Parker, United States Attorney for the Eastern
District of New York (M. J. Meckler* of counsel), for Attorney
General of the United States, as successor to the Alien Property
Custodian.

S<small>AVARESE</small>, S. In this accounting proceeding the executors
seek permission to execute a satisfaction of a mortgage pur-
suant to an alleged agreement whereby the corporate mort-
gagor allegedly agreed to pay testatrix $75 per month for life
in consideration whereof two mortgages owned by her would
be satisfied upon her death. The Attorney General of the
United States, as successor to the Alien Property Custodian,
which vested the interests of two of the nine residuary legatees,
has interposed the defense of the Statute of Frauds. At the

trial it was established that the alleged agreement was arrived at in May of 1946, and that at least three $75 payments were made prior to testatrix' death on November 30, 1946. The other mortgage embraced by the agreement was specifically bequeathed to a nephew, who also received a bequest of testatrix' stock in the corporate mortgagor, and who is one of the two executors. Although it was against his financial interest to do so, he testified in support of the alleged agreement. No writing evidencing the agreement was produced and the defense of the Statute of Frauds is sought to be avoided on the ground of part performance.

The agreement to satisfy the mortgages was not to be completed before the end of the testatrix' lifetime. (Personal Property Law, § 31, subd. 1.) It was apparently a contract to "make a testamentary provision". (Personal Property Law, § 31, subd. 7.) It contemplated the surrender of an interest in real property. (Real Property Law, § 242; *Sleeth v. Sampson,* 237 N. Y. 69.) The agreement is therefore unenforcible unless saved from the operation of the various statutes by the acts of the corporate mortgagor. Its acts must be "solely and unequivocally referable to a contract" to satisfy the mortgages. (*Burns* v. *McCormick,* 233 N. Y. 230, 234.) Nothing less than full performance by both parties will satisfy the statutes. (*Bayreuther* v. *Reinisch,* 264 App. Div. 138, affd. 290 N. Y. 553; *Meltzer* v. *Koenigsberg,* 99 N. Y. S. 2d 143, affd. 277 App. Div. 1050; *Matter of Ditson,* 177 Misc. 648; *Kenny* v. *Brieger,* 196 Misc. 85.) As the payments made in this case are not solely and unequivocally referable to the alleged agreement, and as there has not been full performance on both sides, said agreement is unenforcible. The objection of the United States Attorney is sustained. The request of the executors for leave to satisfy the mortgage forming part of the residuary estate without receiving any consideration therefor is denied. Account settled. Submit decree on notice.