In the Matter of the Accounting of LOUIS A. GREEN, as Executor of ELIZABETH M. GREEN, Deceased.

Surrogate's Court, Ontario County, October 10, 1951.

*Earl F. Case* for executor, petitioner.

*Samuel R. Levy,* special guardian, opposed.

CRIBB, S. Petitioner executor in this accounting proceeding seeks specific performance of an oral agreement allegedly made between him and his deceased mother and, in the alternative, files claim for $13.004.52 for the value of board, labor and materials furnished. Attorney Samuel R. Levy having been appointed special guardian for certain infants and unknown heirs, objects not only to the enforcement of the alleged contract to convey her real property to claimant in return for the construction upon said property of two houses and other buildings, but also to the allowance of any money claims. He objects to the carrying out of the contract on the grounds that it is barred by the Statute of Frauds. He further objects to the allowance of the claim on the ground that it is outlawed by the Statute of Limitations.

The evidence shows that deceased was the owner of approximately four acres of vacant land, and that beginning in the year 1932, she requested her son, the executor and claimant in this proceeding, to build a house thereon in return for which it would some day be his. This the claimant herein did and subsequently, at his mother's request, built a second house for his son to live in with the same understanding. Certain other buildings were likewise erected on the premises under the same arrangement. Thereafter and up until the time of her death, claimant's mother lived with claimant in one of the houses. The evidence further reveals that claimant paid the interest on a mortgage against the property and also $200 upon principal.

Inasmuch as the oral contract whereby claimant's mother, the owner of the real property, agreed to devise the same to claimant, in return for his constructing these buildings thereon, was made prior to April 29, 1933, the provisions of section 31 of the Personal Property Law and section 259-a of the Real Property

Law requiring that such a contract to devise real property be in writing are not applicable. The 1933 amendment (L. 1933, ch. 616) to section 31 of the Personal Property Law is not to be given a retroactive construction so as to apply it to contracts existing at the date of its passage. (*Ralph* v. *Cronk,* 266 N. Y. 428; *Matter of Ditson,* 177 Misc. 648, 654.)

Prior to April 29, 1933, courts faced with a similar situation could compel specific performance of an oral contract to devise real property where the party asserting the validity of the contract proved to the satisfaction of the court and by disinterested witnesses full performance on his part. (Real Property Law, § 270; *Salem* v. *Finney,* 127 Misc. 387.)

In the instant case claimant treated the property as his own, furnished all the labor and materials going into the construction of the buildings thereon and paid the interest and some principal on the mortgage. In view of this testimony claimant is entitled to have the oral contract enforced upon his paying the funeral bill, any outstanding debts and the expenses of administration in connection with the settlement of this estate.

A decree may be entered accordingly directing the executor, Louis A. Green, to make, execute and deliver a deed of said property to himself individually upon making the payments aforesaid.