In the Matter of the Estate of ARTHUR DAWKINS, Deceased.

Surrogate's Court, New York County, March 10, 1952.

*Francis N. Pollack* for Charles Allen (Dawkins), petitioner.

*Hendon & Hendon* for Nina Dawkins, as administratrix of the estate of Arthur Dawkins, deceased, respondent.

FRANKENTHALER, S. The petition in this proceeding seeks enforcement of an oral agreement by which decedent was to bequeath and devise his property to claimant in exchange for services to be rendered. Petitioner resided with deceased for at least twenty years before the latter's death and was spoken of by him as his son. During a good part of this time, petitioner worked for decedent in various capacities and claims to have received no compensation therefor. It is conceded, however, that deceased supported petitioner and his family and paid him a daily allowance.

The claimed agreement was allegedly entered into some time after 1937. A witness for claimant testified that decedent said he had already made provision for claimant in his will; other witnesses testified that he had evidenced an intention to take care of claimant after death. Decedent died intestate in November, 1949.

The proof falls far short of establishing an oral contract to bequeath and devise property. The declarations of decedent do not rise to the dignity of a contract; they were merely expressions concerning past or future action. Deceased's failure to satisfy petitioner's expectations cannot form the basis for recovery against the estate (*Frankenberger* v. *Schneller,* 258 N. Y. 270). As the proof failed to establish a contract, the claim must be dismissed (*Matter of Jenkins,* 102 N. Y. S. 2d 597).

Furthermore, even if the proof be deemed to establish an oral agreement, such agreement would fall within the interdict of the Statute of Frauds (Personal Property Law, § 31, subd. 7; Real Property Law, § 259-a).

It is petitioner's contention that as he fully performed his obligations under the contract, the statute is inapplicable. While contracts to devise realty may be enforced against the promisor or his estate if the promisee has fully performed (*Matter of Green,* 200 Misc. 626; *Salem* v. *Finney,* 127 Misc. 387; cf. Real Property Law, § 270), the services rendered must be unequivocally referable to the contract (cf. *Burns* v. *McCormick,* 233 N. Y. 230, and *Woolley* v. *Stewart,* 222 N. Y. 347) and must be possessory in nature (cf. *Burns* v. *McCormick, supra;* Restatement, Contracts, N. Y. Anno. § 197). The services performed by claimant cannot be so characterized; they may have been rendered in exchange for the moneys and support received by petitioner and his family or may have been performed gratuitously as a result of love and affection (see *Matter of Ditson,* 177 Misc. 648). Therefore the alleged oral agreement to devise

realty would be void (*Canute* v. *Minor,* 232 App. Div. 325, affd. 258 N. Y. 558; *Sinclair* v. *Purdy,* 213 App. Div. 439, affd. 242 N. Y. 559; cf. *Banta* v. *Banta,* 103 App. Div. 172; *Matter of Quigley,* 179 Misc. 210; *Matter of Sherman,* 24 Misc. 65, and 2 Williston on Contracts, § 494, p. 1433, note 6).

Moreover, performance by the promisee will not remove an oral agreement to bequeath personalty from the injunction contained in subdivision 7 of section 31 of the Personal Property Law (*Kenney* v. *Brieger,* 196 Misc. 85; *Matter of Ditson, supra;* cf. *Matter of Buehler,* 186 Misc. 306, affd. 272 App. Div. 757, motion for leave to appeal denied 272 App. Div. 794).

Petitioner's belated attempt to recover in *quantum meruit* for services rendered must also be rejected. No proof has been offered as to the nature, duration or value of the services and the court cannot arbitrarily fix a figure in the absence of such proof. There is nothing to indicate that the not ungenerous support and allowance received by petitioner was not intended as compensation for those services.

There remains for consideration the question of whether two sums said to have been advanced to decedent were loans. No convincing proof was offered as to the one loan which allegedly was effected by transfer of a check. With respect to the second item, the court finds that decedent received as a loan from petitioner the sum of $300 which has not been repaid, and the estate is liable to claimant in that amount.

Submit decree on notice.