HELEN McCARTHY, Appellant, v. DANIEL J. McCARTHY, Respondent. (Action No. 1.) DANIEL J. McCARTHY, Respondent, v. HELEN McCARTHY, Appellant. (Action No. 2.) (Consolidated Action.) — In Action No. 1 of this consolidated action the wife sued for separation on the grounds of abandonment and non-support, and the husband counterclaimed for an annulment based on the alleged invalidity of a prior divorce obtained by her. In Action No. 2 the husband sought to impress a trust to the extent of a one-half interest in certain real property on Long Island held by the wife. The trial court dismissed the complaint and counterclaim in Action No. 1 upon the merits, declared the husband to be the owner of a one-half interest in the property involved in Action No. 2 and directed the wife to give him a deed to such interest and to account to him for the proceeds thereof from the date of the acquisition by her of the premises. The wife appeals from the judgment entered thereon, except that part thereof which dismisses the counterclaim. Judgment, insofar as appealed from, modified on the law and the facts by striking from the first decretal paragraph the words "complaint and" and the word "are" and by substituting for the word "are" the word "is", and by adding to said paragraph a provision that the wife is granted a separation, with $15 a week alimony, beginning from the entry of the order hereon; by striking from the second decretal paragraph the words and figure "the owner of and is entitled to one-half (½) interest" and by substituting therefor a provision to the effect that the husband is entitled to an equitable lien to the extent of $4,620, with interest from the various dates when payments making up that amount were made, and by striking from said judgment the third, fourth, fifth, sixth, and seventh ordering paragraphs. As so modified, judgment affirmed, with costs to appellant. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. As respects Action No. 1, abandonment and nonsupport were virtually conceded by the husband, and he neither pleaded justification for leaving his wife nor established it by the evidence. Consequently, the wife is entitled to a separation with proper alimony, which, on the record, we determine to be $15 a week. Concerning Action No. 2, there is testimony that the wife had orally agreed that in consideration for an advance to her of $3,550, wherewith to pay off the mortgage on a house she owned in Jamaica to facilitate its sale, the husband was to be a part owner of certain property in St. Albans which was to be purchased in its place. Both sales were consummated the same day and at the same price — $13,500 — but, unknown to the husband, the wife took title in her name alone. Thereafter, at different times, he paid $1,070 toward the improvement of the newly acquired property. Under the circumstances, the husband is entitled to an equitable lien to the extent of $4,620 (the total sum advanced by him), with interest from the various dates on which the payments making up that amount were made. (*Foreman v. Foreman*, 251 N. Y. 237, 242; *Leary v. Corvin*, 181 N. Y. 222; *Pritchard v. Pritchard*, 134 App. Div. 301, 304.) Adel, MacCrate, Schmidt and Beldock, JJ., concur. Nolan, P. J., concurs insofar as the judgment is modified with respect to Action No. 2, but dissents insofar as said judgment is modified with respect to Action No. 1, and, as to that action, votes to affirm the judgment, without modification. Settle order on notice.