Fred J. Munder,
County Judge as Acting Surrogate. The widow of decedent, Mrs. Ida Weiss, now 75 years of age, had been married to decedent for 48 years. To provide more ease and comfort in their old age they decided to build a one-story type dwelling for themselves. It was built on a lot owned by the decedent, at a cost of $26,000, toward which Mrs. Weiss contributed the sum of $10,000.
*808 Among other rights asserted by Mrs. Weiss are two claims, one for the $10,000 as a loan to decedent and the other a claim to title to the residence property. Although not so asserted, these two claims are mutually exclusive and must be considered as alternatives. The claim to title is made on the theory that a constructive trust resulted from the payment of that sum of money in partial performance by her of an oral agreement between them pursuant to which decedent was to convey the title to himself and his wife as tenants by the entirety or to devise it to her by his will. He did neither.
Every interested relative has consented to the allowance of the widow’s claim of constructive trust. Several interested charities have waived notice of the proceeding and while not taking part, have submitted their rights to the court.
A stepson and a nephew, whose interests might be adversely affected by their testimony, related conversations with the decedent. To the stepson the decedent acknowledged the $10,000 contribution by Mrs. Weiss and to both he stated that the new residence was to be the home of both himself and Mrs. Weiss and that whoever died first would leave it to the other. An old and close friend of the decedent testified to the contribution by Mrs. Weiss and he and another neighbor testified to the decedent’s statements concerning a mutual agreement between Mr. and Mrs. Weiss to devise the residence property.
The decedent died, apparently unexpectedly, within four weeks after taking occupancy of the new home.
With considerable reluctance I determine that the widow may not be awarded the title to this residence property. I have found no law, nor has my attention been directed to any, which will support a contrary decision. The rule was clearly stated by the Appellate Division, Second Department, in Petrukevich v. Makaimovich (1 A D 2d 786) as follows: “ Where a relation of confidence has been abused, and a person has never had title to the property but has expended money in the improvement of the property on the basis of an oral promise to convey, which money does not constitute the entire consideration for the purchase of the interest claimed, that person is entitled, not to a conveyance of the property, but only to an equitable lien thereon for the amount expended. (Leary v. Corvin, 181 N. Y. 222; Foreman v. Foreman, 251 N. Y. 237, 242; McCarthy v. McCarthy, 284 App. Div. 813.) In such case equity grants relief despite the fact that the oral promise to convey is violative of the Statute of Frauds. (Leary v. Corvin, supra; McCarthy v. McCarthy, supra.)”
*809 While in the Petrukevich case the relationship between the parties was that of danghter-in-law and mother-in-law, the same rule applies to husband and wife. See Foreman v. Foreman (251 N. Y. 237) wherein the parties were husband and wife and in which Chief Judge Cardozo at page 242 said: “ Where, as in Leary v. Corvin ([181 N. Y. 222] supra) the one whose confidence has been abused, has paid part of the consideration, and part only, a lien proportioned to the value thus contributed will be charged upon the land. Where * * * the full price has been paid by the victim of the wrong, unjust enrichment will ensue if the holder of the legal title retains for his own use any portion of the purchase, and the trust will reach the whole (Scott, 40 Harv. L. Rev. 673).”
I am not unmindful of the provisions of sections 242, 259, 259-a and 270 of the Real Property Law. The evidence before me, however, is wholly insufficient to take this contract out of the statute. (Canute v. Minor, 232 App. Div. 325, affd. 258 N. Y. 558; Matter of Dawkins, 201 Misc. 451; Woolley v. Stewart, 222 N. Y. 347; Matter of Buehler, 186 Misc. 306; Roberts v. Roberts, 206 Misc. 779.)
This then puts the matter in the class of cases such as Foreman v. Foreman (251 N. Y. 237, supra) where an oral agreement between husband and wife supported by payment and acts of confirmation and performance, though the performance be in part only, will move a court of equity to do justice at least to the point of restoring to the one whose confidence was abused the moneys expended. I find, therefore, that Mrs. Weiss is entitled to the return of the $10,000 expended by her and to have an equitable lien upon the land to that extent.
■The widow also claims the sum of $1,000 as exempt property under subdivision 4 of section 200 of the Surrogate’s Court Act. To this she is entitled and the claim is allowed.
The further claim under a limited right of election to take against the will, pursuant to paragraph (f) of subdivision 1 of section 18 of the Decedent Estate Law, cannot be determined under the present state of the proof. There being no living descendant of the testator, the widow is entitled to take, under paragraph (a) of subdivision 1 of section 18, a maximum of one half of the net estate. The will provisions for the widow fall short of her intestate share as so limited, but the extent of the deficiency cannot be determined until the silverware which was specifically bequeathed has been evaluated. It is noted also that while the trust provisions direct the payment to the widow of one half of the net income, but not less than $2,500 per year, which if necessary, may be made up by invasion of the principal, *810 no provision has been made for the disbursement of the balance of income if it exceeds $2,500 per year. From the indicated size of the estate it seems more likely that there will be such excess income. Under these conditions a construction proceeding is indicated.
Thus the claim under the limited right of election and the construction of the trust provisions are not now decided but-left open for further proof and determination.
As to the executors’ counterclaim, the estate retaining title to the residence property, although subject to the equitable lien hereinbefore determined, the counterclaim is dismissed.
Submit decree accordingly.