Mario Pittoni, J.
The plaintiff wife demands judgment against her husband declaring him holder of title to certain property in trust for the benefit of herself and her husband “ as tenants in the entirety” and that the husband be directed to convey the property to them as husband and wife.
The evidence adduced at the trial has established the following facts: Prior to and after their marriage in June, 1947 husband and wife discussed where they intended to live. After *456 a search in the Summer and Fall of 1951 they decided on the subject property as “ our house On September 23, 1951 the husband made a $100 down payment, and the receipt given to him by the vendor said “ purchaser Norman F. Serota On October 1, 1951 a contract of sale with the names of both husband and wife thereon was presented to the husband; however, at the husband’s request the wife’s name was typed out so that only his remained, and then only he signed the contract. The husband then gave to the vendor a $4,000 check drawn by his father, Leon Serota. On October 19, 1951 a memorandum of contract of sale of real property, pursuant to section 294 of the Real Property Law, and showing only the name of the husband as purchaser was signed and acknowledged by him. On November 9, 1951 this memorandum was filed in the Nassau County Clerk’s office. A mortgage loan application signed only by the husband was presented to and approved by the County Federal Savings and Loan Association. However, County Federal notified the husband that it was ‘1 necessary for your wife to be present at the time of closing to sign the bond ”. At the title closing on March 12, 1952 both husband and wife signed as “ purchasers ” a statement to the County Federal for the purpose of inducing the extension of time payment of the prospective mortgage, as “ mortgagors ” and “ owners ” the mortgage closing statement, and as ‘£ mortgagor ’ ’ a mortgage modification-extension agreement. At that time too a deed with the names of both husband and wife thereon was presented by the vendor, but before it was executed by him the name of the wife was typed out and only that of the husband remained as vendee.
The wife’s contention that her name was stricken from the deed after it was executed by the vendor is demolished by the testimony of the husband and of his attorney, by the closing statement of the vendor which states the name of only the husband as purchaser, by the representative of the Inter-County Title & Mortgage Company, and by the latter’s certificate of title and report for closing.
The deed was then and there taken by the Inter-County representative for recording, and eventually was returned to the husband. He in turn turned it over to his wife. She put this deed in her own safe-deposit box and kept it there for several years. Although she removed it from the box its whereabouts have not to date been established.
Thus, all that has been proved in this case is that the husband purchased the property with his own money and that of his father, that his intention was to take title only in his own name and that his wife signed as guarantor of payments of the mort *457 gage at the mortgagee’s request. This does not spell out an estate by the entirety. The wife has proved no consideration by her, no unjust enrichment to her husband and no fraud. ,The fact that there is a confidential relationship of husband and wife does not by itself establish a constructive trust. She has failed to establish a cause of action (Petrukevich v. Maksimovich, 1 A D 2d 786 [2d Dept.]; McCarthy v. McCarthy, 284 App. Div. 813 [2d Dept.], affd. 308 N. Y. 1035; Latham v. Father Divine, 299 N. Y. 22, 27; Foreman v. Foreman, 251 N. Y. 237, 242; Sinclair v. Purdy, 235 N. Y. 245, 253; Beatty v. Guggenheim Exploration Co., 225 N. Y. 380, 386; Leary v. Corvin, 181 N. Y. 222; Wheeler v. Reynolds, 66 N. Y. 227, 235).
The complaint is dismissed.
Submit judgment.