Bernard S. Meyer, J.
This motion for an order striking the answer of defendant and directing the entry of judgment for plaintiff, is granted to the extent of rendering partial judgment in favor of plaintiff declaring that he is the owner in fee of the premises which are the subject of the action and directing, pursuant to the provisions of section 985 of the Civil Practice Act, that possession of said premises be delivered to plaintiff within 15 days after the service upon defendant or her attorney of a copy of the order to be entered hereon with notice of entry. The answer will, however, be allowed to stand as a setoff or recoupment by way of equitable lien against defendant’s claim for damages.
The version of the facts most favorable to defendant is stated in her answering affidavit as follows: Commencing with the year 1940 or thereabouts, the parties commenced a meretricious relationship. To the public they held themselves out and conducted themselves, in all respects, as husband and wife. Defendant was free to marry, but the plaintiff was not. Defendant worked during the time the parties were living together and contributed her earnings ‘1 to improve the common financial position of the parties.” In 1949 plaintiff, using the common savings of the parties, purchased the premises referred to in the complaint, taking title in his own name. He, at that time, informed defendant that he bought the premises for her, that it belonged to both of them, that she would be able to live in the house for the rest of her life, and that as soon as the parties could be married, he would place her name on the deed jointly with himself. After a Mexican divorce from his first wife, which has now been held invalid (7 A D 2d 654; 8 A D 2d 975) the parties were, in 1952, married. Plaintiff failed to put defendant’s name on the deed. Thereafter the parties experienced ‘ ‘ marital ’ ’ difficulties and defendant commenced a separation action. Her complaint has been dismissed by the Appellate Division (8 A D 2d 975).
Insofar as the plaintiff’s alleged promise was made in consideration of marriage, it is unenforcible because not in writing. (Personal Property Law, § 31, subd. 3.) Even if the invalidity of the 1952 marriage ceremony be overlooked, the marriage would not constitute such part performance as would take the case out of the statute. (Matter of Goldberg, 275 N. Y. 186.) Whether plaintiff’s promise be understood as one for the grant to defendant of an interest in the fee or for the grant of a life estate, it is also unenforcible by reason of the provisions of sections 242 and 259-a of the Beal Property Law. Unless, therefore, the facts stated as a defense warrant the declaration of a *476 constructive trust in favor of defendant, plaintiff is entitled in this action to a declaratory judgment and to be let into possession. (Great Riv. Realty Corp. v. Rector, Churchwardens & Vestrymen of Emanuel Church, 284 App. Div. 977, affd. without opinion 308 N. Y. 973.)
Such portion of the consideration for the house as defendant claims to have contributed was contributed by way of the pooling of her earnings with those of plaintiff. “Where a relation of confidence has been abused, and a person has never had title to the property but has expended money in the improvement of the property on the basis of an oral promise to convey, which money does not constitute the entire consideration for the purchase of the interest claimed, that person is entitled, not to a conveyance of the property, but only to an equitable lien thereon for the amount expended.” (Petrukevich v. Maksimovich, 1 A D 2d 786.) The Petrukevich case was a mother-in-law-daughter-in-law situation but its principle has been applied between husband and wife in cases involving either a contribution to the purchase price or both a contribution and the making of improvements to the property (McCarthy v. McCarthy, 284 App. Div. 813 affd. 308 N. Y. 1035; Matter of Weiss, 2 Misc 2d 807) and was recognized (although by reason of the husband’s payment of the full purchase price, not applied) in Foreman v. Foreman (251 N. Y. 237). While in Muller v. Sobol (277 App. Div. 884, motion for leave to appeal denied 301 N. Y. 815) the Second Department recognized a relationship of confidence between paramours and affirmed a judgment impressing a trust under circumstances similar to those of the present case, the later decision of the same court in McCarthy v. McCarthy (supra) must be considered to limit the Muller decision, for it is inconceivable that a less stringent rule should be applied between paramours than between husband and wife. (See Restatement, Trusts, § 442.) It follows that defendant has no interest in the fee and that plaintiff is entitled to a declaratory judgment to that effect.
It does not follow, however, that defendant’s answer must be dismissed. As stated in Towner v. Berg (5 A D 2d 481, 486-487) the right to an equitable lien in such a case becomes a question “ of balance, when the equities involved in a particular case are weighed against the ingredients of the particular violation of public policy.” That defendant’s conduct in living with plaintiff without benefit of clergy for some 17 years is not so “strongly reprehensible” (4 Scott, Trusts [2d ed.], §§ 442, 444, p. 3046) as to foreclose all remedy is the clear implication of the Muller case and of the discussion in *477 Vincent v. Moriarty (31 App. Div. 484) of the paramour’s possible right to damages (cf. Angresani v. Tozzi, 217 App. Div. 642). Whether under the proof to be developed in this case an equitable lien will be held established (see Di Niscia v. Olsey, 162 App. Div. 154) is, of course, not for this court to determine. Since defendant may upon trial be able to establish an offset or recoupment against plaintiff’s claim for damages, her answer pleading the facts upon which that right depends cannot be stricken.
Settle partial judgment on notice.