■ OTTAVIO SCIVOLETTI, Respondent, v ANTOINETTE MARSALA, as Executrix of BEATRICE ANNARELLA, Deceased, et al., Appellants. — In an action, *inter alia,* to impose a constructive trust upon certain real property, defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Glass, J.), entered June 1, 1981, as, after a nonjury trial, impressed a constructive trust upon a one-third ownership interest in the real property in question and dismissed defendants' counterclaim for imputed rent. Judgment modified by (1) deleting the first decretal paragraph and substituting therefor a provision dismissing plaintiff's complaint, and (2) deleting from the second decretal paragraph the two references therein "two-thirds interest" and substituting therefor the term "interests". As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements. In this action plaintiff seeks a declaration of his rights in certain real property located in the Astoria section of Queens County. The action, which was instituted in response to a notice to summarily dispossess plaintiff from the premises, seeks also to impose a constructive trust upon said property upon the ground that its transfer is violative of a relationship of trust and confidence and unjustly enriches the defendants. It appears that in 1938, Beatrice Annarella purchased a dwelling at 23-10 33rd Avenue in Astoria. The house became the family residence for Beatrice, her three daughters, Camille (plaintiff's wife, now deceased), Antoinette (a defendant herein and present legal title holder of the house) and Concetta (now deceased), along with their respective husbands and children. Beatrice had purchased the house for the sum of $6,250 with the proceeds of her husband's life insurance policy and took title solely in her own name. The mortgage and mortgage note, however, were signed by her daughters Camille and Concetta and by Eugene Angello (Concetta's husband). Camille, Antoinette and Concetta and her husband Eugene (and their son, Louis) all moved into the house with Beatrice. Later that same year, Antoinette married defendant Paul Marsala and moved out of the house; they moved back, however, in 1945 and lived in the house until 1948 when they again vacated the premises. They have since lived elsewhere. In 1941, Camille and the plaintiff were married and, while they initially lived in an apartment, in 1944 they moved into the house. In 1943, Concetta's husband, Eugene Angello, was drafted into the Army, but returned to the house in 1945. In 1949, however, he and Concetta and their two children moved out. Thus, by 1950 the only people remaining in the house were Camille and the plaintiff, their two daughters and Beatrice Annarella. Plaintiff alleges that during the years when he and his family resided in the house he made substantial financial contributions toward the maintenance of the house. Beatrice continued to live in the house with Camille and plaintiff and their children until

1973. By that time, however, Beatrice had developed a heart disfunction and was in need of constant attention. Since both Camille and plaintiff worked, it was thought best that Beatrice live with her daughter Antoinette who did not work and was home during the day. After moving in with Antoinette, Beatrice never returned to the Astoria home. She died on September 20, 1979. Prior to her death, however, Beatrice transferred title to the house to Antoinette. The transfer took place at a meeting held on April 29, 1979 at which Beatrice executed an agreement of transfer, a power of attorney and a deed. Shortly thereafter, plaintiff received a notice of dispossess dated May 29, 1979 from Antoinette stating that his tenancy had ended and that she, as landlord, had decided to terminate his occupancy. He was also informed that summary proceedings would be commenced if he did not vacate the premises by June 30, 1979. Plaintiff thereupon commenced the within action by order to show cause seeking a stay of summary proceedings and judgment against defendants (1) declaring that plaintiff "has an ownership and/or lien interest in the House in proportion to the contributions over the last 30 plus years of the plaintiff and his wife to the mortgage, taxes, repairs and improvements on the House"; (2) imposing a constructive trust upon the house; and (3) enjoining defendants from selling, leasing or otherwise transferring any interest in the house without plaintiff's consent. Defendants generally denied plaintiff's allegations and asserted a counterclaim for back rent for the past 29 years, which, according to defendants, amounted to approximately $93,000. After a nonjury trial, Trial Term granted relief to the plaintiff to the extent that it imposed a constructive trust with respect to a one-third ownership interest in the house. Defendants' counterclaim was dismissed. Generally, a constructive trust may be imposed when property has been acquired under such circumstances that the holder of legal title may not in good conscience retain the beneficial interest therein (*Sharp v Kosmalski,* 40 NY2d 119, 121). To establish a constructive trust, it must be shown that there exists (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, (4) a breach of the promise and (5) unjust enrichment. A constructive trust will be imposed where property is *parted with* on faith of an oral or implied promise to reconvey, "but none may be imposed by one who has no interest in the property prior to obtaining a promise that such interest will be given to him" (*Matter of Wells,* 36 AD2d 471, 474, affd 29 NY2d 931). Clearly, Trial Term erred in imposing a constructive trust herein since the record indicates that plaintiff never had any prior interest in the house. Plaintiff, therefore, has failed to establish his entitlement to the imposition of a constructive trust. Where, however, an individual who is not entitled to the imposition of a constructive trust seeks to obtain the benefits of an executory understanding, he may be entitled to recover the moneys expended by him in reliance upon the promise to convey (*Matter of Wells, supra,* p 475; *Petrukevich v Maksimovich,* 1 AD2d 786). "Where a relation of confidence has been abused, and a person has never had title to the property but has expended money in the improvement of the property on the basis of an oral promise to convey, which money does not constitute the entire consideration for the purchase of the interest claimed, that person is entitled * * * to an equitable lien thereon for the amount expended" (*Petrukevich v Maksimovich, supra; Marum v Marum,* 21 Misc 2d 474, 476). By plaintiff's computations, he made payments for and improvements on the Astoria house to the extent of $26,305.90. Accordingly, if the record supported the establishment of an equitable lien in plaintiff's favor, the relief would be limited to the extent of the amount expended rather than to a one-third ownership interest in the property. We conclude, however, that the facts of this case do not justify such relief since the record does not indicate that there was ever an implied promise by Beatrice to convey the house to plaintiff.

Accordingly, plaintiff is not entitled to an equitable lien. Gulotta, J. P., O'Connor, Bracken and Brown, JJ., concur.