■ Mary E. Leahy, Respondent, v James H. Leahy, Appellant.—In an action to impose a constructive trust upon certain real property, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), entered April 21, 1987, as denied his motion to dismiss the complaint for failure to state a cause of action or, in the alternative, for leave to amend his answer to include the Statute of Frauds as a defense.

Ordered that the order is reversed insofar as appealed from, with costs, and the defendant's motion is granted to the extent of dismissing the complaint for failure to state a cause of action.

The parties were originally married on November 13, 1971, and were divorced on June 23, 1981. Prior to the divorce, the defendant husband inherited certain real property with title solely in his name. On April 13, 1984, the parties remarried and the plaintiff wife contends that such remarriage was based upon the defendant's oral promise to convey a one-half interest in the property to her. Upon discovering that the defendant had failed to so convey, the plaintiff commenced this action to impose a constructive trust on an undivided one-half interest in the property.

We find that the complaint fails to state a cause of action for the imposition of a constructive trust upon the premises for the plaintiff's benefit *(see, Sharp v Kosmalski,* 40 NY2d 119; *Scivoletti v Marsala,* 97 AD2d 401, *affd* 61 NY2d 806; *Matter of Wells,* 36 AD2d 471, *affd* 29 NY2d 931). Mangano, J. P., Bracken, Brown and Kunzeman, JJ., concur.