■ DAVID KASTRAT, Doing Business as DUGA PAINTING & CONTRACTING, et al., Appellants, v ASKOLD R. WYNNYKIW et al., Defendants, and POLTAVA REALTY, LLC, Respondent. [788 NYS2d 339]—

Order, Supreme Court, New York County (Louis B. York, J.), entered on or about January 13, 2004, which, in an action arising out of defendants' (sellers) sale of a building to defendant-respondent (buyer) instead of plaintiffs, and seeking, inter alia, to impose a constructive trust on the building, granted the buyer's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.

Plaintiffs allege that they were induced to renovate one of the apartments in the building by the sellers' fraudulent promise to convey the building to them. When the sellers instead sold the building to the buyer, plaintiffs brought this action alleging, inter alia, that the buyer was unjustly enriched by the renovations and seeking, inter alia, to impose a constructive trust on the building. The action was properly dismissed as against the buyer for lack of evidence that it owed plaintiffs a fiduciary or other duty to disclose its higher bid for the building (*compare Sharp v Kosmalski*, 40 NY2d 119 [1976], *with Scivoletti v Marsala*, 61 NY2d 806 [1984], *affg* 97 AD2d 401 [1983]). Nor did plaintiffs ever have an interest in the building, a necessary element to a cause of action to impose a constructive trust (*see Sharp*, 40 NY2d at 121). There was no unjust enrichment since, the record establishes, the buyer paid fair market value for the building. The mere fact that the sellers and the buyer knew each other, and that the buyer may have been aware of the sellers' alleged promise to convey to plaintiffs, is insufficient to impose liability on the buyer, a corporation that was not even in existence at the time of the alleged promise. While the motion court aptly recognized the possible merit of plaintiffs' claims against the sellers (*see Scivoletti*, 97 AD2d at 402), as against the buyer, no amount of further disclosure can possibly avail

plaintiffs. Plaintiffs' request to inspect the building, claimed to be necessary in order to establish their damages, was also properly denied. No reason appears why the appraisal performed by a licensed independent appraiser only one year after plaintiffs' renovations should not be adequate for these purposes. Concur—Buckley, P.J., Mazzarelli, Saxe, Friedman and Catterson, JJ.